JAMES H. MILLIKIN *et al.*, Plaintiffs in Error, *v.* AUGUST F. SHAPLEIGH *et al.*, Defendants in Error.

*Agency—Bankers—Lien.*—Where there is no mutual agreement or previous course of dealing between bankers whereby it is expressly or impliedly understood, that remittances of notes or bills when received or collected are to be placed to the credit of previous accounts, or when no advance is made or credit given upon the faith of the particular bills remitted, or of the usual course of dealing, the owner of the bill or note remitted for collection, through his banker, may sue for and recover the amount of said bill or note, although the collecting banker may have carried such amount to the credit of his correspondent in payment of a subsisting indebtedness.

*Error to St. Louis Circuit Court.*

The following instructions asked by the plaintiffs were refused:

1. If the jury find from the evidence that the plaintiffs were the owners of the acceptances in question, and endorsed and delivered them to Josiah Lee & Co., bankers in Baltimore for collection, for the plaintiffs' use, and that Josiah Lee & Co. transmitted said acceptances to the defendants for collection, and that defendants knew that Josiah Lee & Co. were not the owners of said acceptances, but were agents of the plaintiffs, then the jury shall find for the plaintiffs.

2. If the jury find from the evidence that the plaintiffs endorsed and then deposited the acceptances in question at the city of Baltimore, in the State of Maryland, with Josiah Lee & Co., bankers, for collection only; that said Josiah Lee & Co. endorsed said acceptances and transmitted the same to defendants at St. Louis, Mo., for collection, and that said acceptances were collected by the defendants; and if the jury find from the evidence that said Josiah Lee & Co. have never accounted for or paid to the plaintiffs the proceeds or amount of said acceptances, and that said J. Lee & Co. before or about the time said acceptances were paid to defendants became insolvent, and have ever since been and are now insolvent, so that the amount of said acceptances, or any part thereof, cannot be coerced or collected from said Josiah Lee

& Co., then the defendants are liable in this action, unless they have shown in evidence, to the satisfaction of the jury, that credit was given by the defendants to said Josiah Lee & Co. on account of the said acceptances, or that the defendants have suffered balances in their favor to remain in the hands of the said Josiah Lee & Co. on the faith of the paper transmitted, or expected to be transmitted to defendants by Josiah Lee & Co., in the ordinary course of dealing between them.

And the following instruction asked by defendants was given:

1. If the jury find from the evidence in the cause that the defendants received the drafts in question from Josiah Lee & Co. for collection, and collected the same when due, and credited the proceeds immediately on a larger debt due from Lee & Co. to defendants, and said defendants informed said Lee & Co. that the said proceeds had been so applied, and all this was done without any notice to defendants of any interest of the plaintiffs in said paper, and no such notice was received by defendants till November, 1860, plaintiffs cannot recover.

*Krum & Decker*, for plaintiffs in error.

I. We insist that although the defendants may have been ignorant of the ownership of the paper, yet unless they suffered in some way, their right to the paper is not equal to the plaintiffs. They made no advances of money or credit on this paper; they suffered no balances to remain in the hands of Lee & Co. on the faith of this paper, or on the faith that this or any other paper would be sent them in the ordinary course of dealing. What rights have they against the *bona fide* real owner ? None.

The plaintiffs being the actual owners of the drafts in question, can follow them or their proceeds into whosesoever hands they may be, unless they were taken by defendants in good faith without notice of the true ownership, or that value was paid or credit given on account of the drafts. (Collins

v. Martin, 1 Bos. & Pul. 648; Coddington v. Bay, 20 J. R. 643; Stalker v. McDonald, 6 Hill, 96; Am. Law Reg., Sept. 1862, p. 681, which contains an able review of the whole subject, with a collection of authorities; Hoffman v. Miller, 10 Am. Law. Reg. 676; Williams v. Little, 11 N. H.)

II. The question of fact, whether the defendants had notice that Lee & Co. held the drafts for collection only at the time when they transmitted them to defendants, should have been submitted to the jury; the court, however, excluded this question from the jury. This was error.

III. The defendants having received the drafts without consideration therefor moving from them, and under circumstances which plainly notified them that the drafts were transmitted for collection *only*, the question arises, can the defendants withhold the proceeds from the true owners by simply crediting the amount collected on their books to Lee & Co.? The entry of credit to Lee & Co. on the books of the defendants is not payment. (Butler v. Harrison, Cowp. 566; Garland v. Salem Bank, 9 Mass. 408; Clark v. Eby, 2 Sand. Ch. 169; Francis v. Joseph, 3 Edwds. Ch. 184.)

*Glover & Shepley*, for defendants in error.

I. The defendants being bankers, and receiving the notes from one of their customers and collecting the same without any knowledge or notice that the notes did not belong to the customer, have a lien upon the proceeds to secure a general balance due from the customer. (Davis v. Bowsher, 5 T. R. 488; Scott v. Franklin, 15 East. 428; Bank of Metropolis v. N. E. Bank, 1 How. 234; Rathbone, use, &c., v. Sanders, 9 Ind. 217; Wilson v. Smith, 3 How., U. S. 763.) The cases in 1 How., U. S. 234, and 9 Ind. 217, are on all-fours with the case at bar.

HOLMES, Judge, delivered the opinion of the court.

The plaintiffs endorsed and deposited two drafts with Josiah Lee & Co., bankers at Baltimore, for collection, who endorsed and sent them to the State Savings Association of St. Louis

for collection, as their agent. The last endorsements were expressed to be " for collection," but the defendants (who were trustees of the association) had no actual knowledge, at the time when they were received, that the plaintiffs were the owners of the drafts. The drafts were paid when due, the one on the 27th day of October and the other on the 1st day of November, 1860, and on the 29th day of October intervening Josiah Lee & Co. failed. On the 5th day of November following, the defendants received notice from the plaintiffs that they were the owners of the drafts, and that the same or the proceeds thereof were to be held subject to their order. When the drafts were received and collected, Josiah Lee & Co. were indebted to the State Savings Association in the sum of $2,000, and the amounts of the drafts when collected were credited on that debt. Before the drafts were deposited by the plaintiffs with their bankers in Baltimore, the bankers and the defendants had had transactions together as bankers. No advances had been made, nor any credit given, on those particular drafts, and no paper had been sent by the defendants to the firm of Josiah Lee & Co. for collection. After the receipt of these drafts, the amounts collected on them were never paid or accounted for to Josiah Lee & Co. otherwise than by such credit on account of their indebtedness.

On this state of facts, the court instructed the jury, in effect, that the plaintiffs were not entitled to recover.

It may be taken as well settled that where there have been mutual and extensive dealings between two bankers, on a mutual account current between them, in which they mutually credit each other with the proceeds of all paper remitted for collection when received and charge all costs and expenses, and accounts are regularly transmitted from one to the other, and balances settled at stated times upon this understanding, and where, upon the face of the paper transmitted, it always appears to be the property of the respective banks, and to be remitted as such by each on its own account, and the balance of account is suffered to remain unsettled on the

faith of such mutual understanding, and a credit is given upon the paper thus remitted or deposited, or upon the faith of that which is expected to be remitted in the usual course of such dealings, there will be a lien for the general balance of accounts, and a right to retain the securities so received, or the amounts collected and on hand, as a credit upon the general balance in settlement of such advances. (Bank of Metropolis v. N. Eng. Bank, 1 How., U. S. 234; Rathbone v. Sanders, 9 Ind. 217.) But where there is no such mutual arrangement or previous course of dealing between the par ties whereby it is expressly or impliedly understood that such remittances of paper are to go to the credit of the previous account when received and no advance is made nor any credit given on the basis of the particular bill, or upon the faith of such course of dealing and such future remittances, or where the special circumstances are inconsistent with the hypothesis of such mutual understanding, and the one bank merely passes the proceeds of paper remitted for collection to the credit of the other on a subsisting indebtedness which it happens at the time to have standing against the other, there is no such lien, and no right to retain and apply the money collected in that manner; but the real owner of the funds may maintain an action to recover the amount. (Wilson v. Smith, 3 How., U. S. 763.) And such, we think, was this case, on the proofs made.

The evidence did not show that there was any such mutual understanding or previous course of dealings as would justify the inference that these drafts were paid in to defendants as securities on account, or were remitted to be credited on account when received, or that the proceeds were to be placed to their credit in payment of previous advances or the general balance, or that a credit was extended on the balance of account on the faith of such remittances.

There was nothing in the transactions proved which was inconsistent with the right of Josiah Lee & Co. to draw immediately on them for the money collected on these drafts. And the fact that the drafts were expressly endorsed in full,

"for collection," would seem to have a strong tendency to negative the idea that they were intended to be paid in on account of the general balance. No doubt a banker has a general lien by the law of the land, for his general balance, upon all securities in his hands belonging to his customer which have been paid in upon the general account or deposited as a security for advances on account, unless there be evidence to show that he received the particular bill or security under special circumstances which would take it out of the general rule. (Davis v. Bowsher, 5 T. R. 488.)

The evidence here fails to show that these drafts were either paid in as security or deposited upon the general account as a security for advances already made, or on a new credit given, but rather tends to prove that they were received under special circumstances which would of themselves import the contrary supposition.

Nor did the facts show any warrant or authority from Josiah Lee & Co. to them to make that application of the funds when collected. They were not even advised that the money had been so applied, nor that it was to be so accounted for. (Hoffman v. Miller, 10 Am. Law Reg. 676; Bk. of Metropolis v. N. Eng. Bk., 6 How., U. S. 212.)

For these reasons, we think the plaintiffs' instructions should have been given and the defendants' instruction refused.

Judgment reversed and the cause remanded. Judge Wagner concurs; Judge Lovelace absent.