ROCK COUNTY NATIONAL BANK OF JANESVILLE, WISCONSIN,
*vs.* ALBERT E. HOLLISTER.

March 30, 1875.

**Promissory Note—Indorsement "For Collection."**—An indorsement on a note, "Pay to A. B., or order, for collection," and signed by the payee or owner of the note, merely makes the indorsee agent for the indorser to collect the note, but does not vest in him such title as to make him a proper party plaintiff in a suit on it.

Appeal by plaintiff, from an order of the district court for Goodhue county, *Crosby*, J., presiding, refusing a new trial.

*J. C. McClure*, for appellant.

*Williston & Hall*, for respondent.

GILFILLAN, C. J.   Suit on a promissory note.   The answer puts in issue plaintiff's title, and, secondly, alleges a failure of consideration.   The defendant had a verdict. Had the defence of failure of consideration been the only one on trial, it would be impossible to sustain the verdict; and it must stand, if at all, upon the question whether there was sufficient conflict in the evidence as to plaintiff's title to the note to leave that question to the jury.

Two witnesses swear that plaintiff is the owner of the note, and that it became such in August, 1870, one of them stating that it acquired its title by indorsement from the Clow Reaper Manufacturing Company, and that it has owned it ever since.   If this were all the evidence on the point, the plaintiff would be entitled to a verdict.   The indorsements on the note raise the doubt as to the ownership.   These are without date, and are unexplained.   The Reaper Manufacturing Company indorses the note in blank.   The next indorsement is " Pay Messrs. Goodsell Bros., or order." " Rock County National Bank of Janesville, Wisconsin." From these two it appears that, previous to the last, the Bank became the owner, and then transferred to Goodsell Bros.   Then follows this indorsement:  " Pay to Rock County National Bank, Janesville, Wisconsin, for collection.

25

Goodsell Bros.," which is the last on the note. If this last indorsement vested in the Bank such title as to make it a proper plaintiff in a suit on it, then there is no conflict of evidence, and the verdict should have been for plaintiff. If it does not pass the title or interest in the note out of Goodsell Bros., then the indorsements make it appear that they are the owners, and a conflict is thus raised between the indorsements and the oral testimony.

It was held, in some cases, that the beneficial owner of a negotiable bill or note, payable to bearer or indorsed in blank, might institute suit on it in the name of any one who would allow his name to be used for that purpose, and that unless the maker had a defence to the note, good against the real owner, he could not be permitted to show that the plaintiff was not the real party in interest. *Morton* v. *Rogers*, 14 Wend. 575 ; *Lovell* v. *Evertson*, 11 John. 52 ; *Conroy* v. *Warren*, 3 John. Cas. 259, 264. Although this rule might be correct at common law, it certainly is not good under the statute of this state, which provides that " every action shall be prosecuted in the name of the real party in interest." Gen. Stat., ch. 66, § 26. To this there are exceptions made by § 28 ; but the case of this indorsement would not come within them.

Although this form of indorsement is, and probably has long been, in very common use, we find no case which decides its effect upon the title to the note. There are several cases, in England, of indorsements such as " pay to A for the account of" the indorser, or "pay to A, or order, for my use," in which cases it seems to be held that the note and the money, when paid on it, are the property of the indorser. *Treuttel* v. *Barandon*, 8 Taunt. 99 ; *Sigourney* v. *Lloyd*, 8 B. & C. 622 ; *Lloyd* v. *Sigourney*, 5 Bing. 525 ; and this we think is the case with the indorsement under consideration. It is apparent from the language used that it was not the intention of the indorser to make the indorsee the owner of the note, or of the money after collection, but simply to give him authority on the note to collect it. The

relation of the indorser and indorsee is that of principal and agent: the agent cannot be the "real party in interest" in a suit brought on the note. This being so, there was a question of fact as to the plaintiff's title for the jury to determine upon all the evidence, written and oral, and we cannot say that there is not evidence to sustain the finding.

The order denying a new trial is affirmed.