THIRD NATIONAL BANK OF SYRACUSE, NEW YORK, *vs.* ASA H. CLARK and another.

January 5, 1877.

Promissory Note—Endorsement for Collection Cannot be Varied by Parol Evidence.—This was an action brought by plaintiff as endorsee of a promissory note made by defendants, payable to the order of the Williams Mower and Reaper Company, and endorsed as follows, viz.: "Pay Third Nat. Bk., Syracuse, or order, for collection for the Williams Mower and Reaper Co., Syracuse, N. Y. O. Welch, Treas." *Held*, that the endorsement is restrictive, and that parol evidence is inadmissible to show it absolute. *Rock County National Bank* v. *Hollister*, 21 Minn. 385, followed and applied to this case.

Action by plaintiff, as endorsee, against defendants, as makers of a promissory note payable at the First National Bank, Rochester, Minnesota, to the order of the Williams Mower and Reaper Company, Syracuse, New York. The plaintiff made title to the note through the following endorsement:

" Pay Third Nat. Bk., Syracuse, or order, for collection for the Williams Mower and Reaper Co., Syracuse, N. Y. O. Welch, Treas."

The defendants, in their answer, besides a general denial, pleaded that the note was given in payment for certain reapers, sold to them by the payee, with a warranty which had been broken; that by the breach they had been damaged in an amount greater than the amount of the note, and that the note, if transferred at all to plaintiff, was transferred after maturity, and without consideration.

At the trial in the district court for Olmsted county, before *Mitchell*, J., the plaintiff introduced in evidence the note and endorsement, and also certain depositions, tending to prove that, long before the maturity of the note, it was transferred, by the payee, to the Morris Run Coal Company, in payment of a debt, and was afterwards, and before maturity, transferred by that company to plaintiff, in payment of an overdraft; that, when the note was delivered by the payee to the coal company, and when it was received by plaintiff, no payee was named in the endorsement, all of which, except the signature of O. Welch, was printed from a stamp; that, when the note matured, it was sent west for collection, and the words " First Nat. Bk., Rochester, Minn.," were written by plaintiff's cashier in the endorsement; that, on the return of the note to plaintiff from the Rochester bank, plaintiff's cashier drew a pen through the words " First," " Rochester " and " Minn.," and wrote the words " Third " and " Syracuse;" that the plaintiff never had any dealings with the Williams Mower and Reaper Company, and never collected any notes for it. The

plaintiff then rested its case. The defendant offered evidence tending to prove the allegations of the answer as to the consideration of the note, the warranty, the breach thereof, and damages thereby occasioned to defendants to an amount exceeding the amount of the note. The plaintiff admitted that the evidence offered was sufficient to prove the allegations, but objected that it was irrelevant, and that the facts alleged would not constitute a defence against plaintiff's right to recover as endorsee of the note before maturity, and without notice of any defence. The plaintiff then admitted that, when the note was received by plaintiff, the only endorsement on it was "Pay ——, or order, for collection for the Williams Mower and Reaper Company, Syracuse, N. Y. O. Welch, Treas.," and that all except the name "O. Welch" was stamped in print on the back of the note. The court thereupon overruled the plaintiff's objection to the evidence, on the ground that the endorsement was restrictive; that parol evidence was inadmissible to explain or contradict it, or to prove the rights of the plaintiff as endorsee; and that, notwithstanding the depositions, the proof was uncontradicted that the plaintiff, under the endorsement, took the note subject to all the defences existing against it in the hands of the payee; to which ruling the plaintiff excepted. The evidence having been received, and both parties having rested, the court directed a verdict for defendants. A motion for a new trial was denied, and plaintiff appealed.

*Henry C. Butler*, for appellant.

There can be no doubt but that the printed portion of the endorsement was stamped on the note by the treasurer of the reaper company, when he signed his name, in the anticipation that, at its maturity, the note would be sent to Rochester for collection. When the note was about to mature, the plaintiff, in the usual course of business, sent it for collection to the First National Bank of Rochester, Minnesota, where it was payable, and wrote the name of

that bank over the printed endorsement, and, when the note came back to the plaintiff uncollected, the name of that bank was erased, and that of plaintiff substituted. The stamping of the printed endorsement was a mere act of carelessness on the part of an employé of the payee, and the allowing of it to remain there was mere carelessness on the part of the plaintiff. Both the Morris Run Coal Company and the plaintiff took the note for value, and before maturity, and each was in turn the owner of it, and it was never intended that the note should be transferred to plaintiff merely for collection, or that plaintiff should account to the payee for any part of the money paid on it. The plaintiff was, to all intents and purposes, an endorsee for value before maturity, and entitled to all the rights of such an endorsee; and, as the facts on which the plaintiff's rights depended could only be made to appear by parol evidence, plaintiff should have been permitted to prove them in that manner.

That parol evidence is admissible to show the character of an endorsement is clearly indicated in *Rock County Nat. Bank* v. *Hollister*, 21 Minn. 385. In *Sanborn* v. *Neal*, 4 Minn. 126, and *Bingham* v. *Stewart*, 13 Minn. 106, parol evidence was admitted to explain whether a note containing the words, "We, as trustees of school district, etc., promise to pay," was the promise of individuals or public officers.

Counsel also cited *Brockway* v. *Allen*, 17 Wend. 40; *Farmers & Manufacturers' Bank* v. *Haight*, 3 Hill, 493; *Johnson* v. *Smith*, 21 Conn. 627; *Hewitt* v. *Wheeler*, 22 Conn. 557; *Pierse* v. *Irvine*, 1 Minn. 369; *McComb* v. *Thompson*, 2 Minn. 139; 3 Kent, 92; 1 Greenl. Ev. §§ 278, 295; *Boorman* v. *Jenkins*, 12 Wend. 566, 573; *Bruce* v. *Wright*, 3 Hun, 548; *Fabbri* v. *Phœnix Ins. Co.*, 55 N. Y. 129; *Arthur* v. *Roberts*, 60 Barb. 580; *Field* v. *Munson*, 47 N. Y. 221; *Block* v. *Columbian Ins. Co.*, 42 N. Y. 393; *Lancey* v. *Phœnix Fire Ins. Co.*, 56 Me. 562; *Coleman* v.

*First Nat. Bank of Elmira,* 53 N. Y. 388 ; *McMaster* v. *Ins. Co. of North America,* 55 N. Y. 222 ; *Barry* v. *Ransom,* 12 N. Y. 462.

*Start & Gove,* for respondents.

An endorsement " for collection" is not an endorsement within the law merchant, and transfers no title. It is a mere authority to the holder to receive the money, and he holds the note, or the money received upon it, as the trustee of the endorser. Byles on Bills, 157 ; 1 Daniell Negotiable Instruments, §§ 698, 699 ; Edwards on Bills, 253 ; Story on Notes, § 143 ; *Rock County National Bank* v. *Hollister,* 21 Minn. 385 ; *Sweeney* v. *Easter,* 1 Wall. 166, 173

An endorsement for collection is a restrictive endorsement, and destroys the negotiability of the note ; and the party taking it, even for value, holds it subject to the same defences as though it remained in the hands of the payee. 3 Kent, 92 ; Edwards on Bills, 277 ; Story on Notes, § 143 ; Byles on Bills, 157 ; *Wilson* v. *Holmes,* 5 Mass. 543 ; *Leary* v. *Blanchard,* 48 Me. 269.

Parol evidence is not admissible to show that an endorsement for collection was intended as an absolute endorsement, so as to deprive the maker of his defence. *Leary* v. *Blanchard,* 48 Me. 269 ; *Lancaster National Bank* v. *Taylor,* 100 Mass. 18 ; *Haskell* v. *Mitchell,* 53 Me. 468 ; *Southard* v. *Porter,* 43 N. H. 379 ; *Clark* v. *Whitaker,* 50 N. H. 474 ; *Kern* v. *Von Phul,* 7 Minn. 426.

BERRY, J. The plaintiff brings this action as endorsee of a promissory note, made by defendants, and payable to the order of " the Williams Mower and Reaper Co., Syracuse, N. Y." The endorsement through which the plaintiff claims, is in these words, viz. : " Pay Third Nat. Bk., Syracuse, or order, for collection for the Williams Mower and Reaper Co., Syracuse, N. Y. O. Welch, Treas." The making of the endorsement by Welch, and his authority to make it, are undisputed. The main controversy in the court below was as to whether the plaintiff took the note subject to the

same defences as if it were in the hands of the payee. With reference to this question the court below ruled, *first*, that the endorsement was restrictive, and that parol evidence was inadmissible to show that it was absolute ; and, *second*, that the plaintiff, under the endorsement, took the note subject to the defences mentioned.

The first ruling was clearly right. *Ex vi termini*, an endorsement must be in writing. There can be no such thing as an endorsement wholly or partly in parol. The endorsement in this case is in fact restrictive, and for that reason cannot be, nor be shown to be, absolute. What the endorser and endorsee may have intended by the endorsement, except so far as it is expressed in the writing, is of no consequence in this action. The plaintiff being thus compelled to stand upon the terms of the endorsement under which it claims, the case falls within the doctrine of *Rock County Nat. Bank* v. *Hollister*, 21 Minn. 385, in which it was held that an endorsee claiming under an endorsement like that in this instance was not the owner of the note endorsed, and therefore not the real party in interest, for which reason he could not maintain an action upon the note.

It follows that in the case at bar the jury was properly directed to find for the defendants. This conclusion disposes of the case, and prevents us from reaching the second ruling of the court below.

Judgment affirmed.