THE MECHANICS BANK, *Appellant*, v. THE VALLEY PACKING COMPANY.

**Bill of Exchange**: ERASURE OF RESTRICTIVE INDORSEMENT WITHOUT DRAWER'S KNOWLEDGE: PAROL EVIDENCE. A drew upon B a bill of exchange for the amount of a debt due him from B. The bill was made payable to the order of C, who indorsed it: · " Pay to D or order for collection for account of C." B received the bill, erased the indorsement, and procured the discount of the bill at the plaintiff bank. A afterwards received from B the proceeds of the discount. The bill not being paid, the plaintiff sued A, alleging that in procuring the discount B was acting as the agent of A. *Held*, 1st, That this could not be shown by parol evidence; 2nd, That the restrictive indorsement by C destroyed the negotiability of the bill, and operated as a mere authority to D to receive the proceeds for the use of A; 3rd, That the erasure of the indorsement, without the assent of A, destroyed the validity of the bill as to A, and plaintiff was bound to know that such was the effect when he discounted it.

*Appeal from St. Louis Court of Appeals.* The case is reported at length in 4 Mo. App. 200.

AFFIRMED.

*Cline, Jamison & Day* for appellant.

*Glover & Shepley* for respondent.

HENRY, J.—Levi Ashbrook & Co., of St. Louis, being indebted to the Valley Packing Company, the latter drew a bill of exchange at St. Joseph, Missouri, dated December 11th, 1875, directed to said Ashbrook & Co., and requesting them, ninety days after its date, to pay to the order of Joseph C. Hull, cashier of the First National Bank of St. Joseph, Missouri, $40,000. Upon said bill said Hull made the following indorsement: "Pay to James T. Howenstein, cashier, or order, for collection, for account of the First National Bank of St. Joseph, Missouri. Joseph C. Hull, Cashier." Howenstein was cashier of the Valley National Bank of St. Louis, Missouri. The bill was

offered by Levi Ashbrook to plaintiff, the Mechanics Bank, for discount, and was by said bank discounted, and the proceeds placed to the credit of Ashbrook, and afterwards received by the Valley Packing Company. Across the restricted indorsement made by Hull, cashier, Ashbrook drew black lines, and in this condition it was received by the Mechanics Bank. At its maturity it was presented for payment, which was refused, and was then duly protested for non-payment, of which the parties to the bill were duly notified. This suit was to recover of the Valley Packing Company as the drawer of the bill.

It was alleged by plaintiff, who was not an indorsee of the bill, that Ashbrook was but the agent of defendant and the other parties, to get the bill discounted, and that the Valley Packing Company received the proceeds of the bill from Ashbrook & Co. under that agreement, and on that ground contended that defendant is liable. There was a verdict and judgment for defendant, from which an appeal was taken by plaintiff to the court of appeals, which affirmed the judgment, and plaintiff has appealed to this court. The court of appeals held that plaintiff could not, by parol evidence, show the alleged contract between Ashbrook and the Valley Packing Company; that the indorsement by Hull was restrictive, and destroyed the negotiability of the bill and operated as a mere authority to the banker at St. Louis to receive the proceeds of the bill for the use of the drawer, and that the erasure of Hull's indorsement, without the assent of the Valley Packing Company, destroyed the validity of the draft as to that company, and plaintiff was bound to know that such was its effect when it discounted the bill. The case is reported in the 4th vol. of the court of appeals reports 200, and the opinion of that court so satisfactorily disposes of the questions involved in the case, as to render any further comments by us unnecessary. The judgment of the court of appeals is affirmed. All concur.