MERCHANTS' NATIONAL BANK OF ST. PAUL *vs.* PETER HANSON.

December 22, 1884.

Ultra Vires—National Bank—Promissory Note.—The plea of *ultra vires* is not available to defeat a recovery by a national bank upon negotiable paper purchased by it; overruling *First Nat. Bank of Rochester* v. *Pierson*, 24 Minn. 140.

Promissory Note—Purchase from Indorsee for Collection—Mala Fides.—L., holding certain promissory notes payable to his own order, transferred them to the plaintiff for value.   The plaintiff afterwards returned them to L. for collection, having made upon them indorsements directing payment to be made to L., or order, for collection on the plaintiff's account.   L., receiving the notes for collection, indorsed them to defendant before maturity, for value, (in payment of a precedent debt of his own.)   The defendant noticed the indorsements, which remained uncancelled when he purchased the notes, but made no inquiry, and no facts were communicated to him, except such as were implied from the indorsements.   *Held*, that the indorsements were effectual as notice of the plaintiff's title, and that the purchase of the notes by the defendant, without inquiry, was, in the absence of any explanation, conclusive proof of *mala fides*.

**Same—Negligence of Purchaser.**—Mere negligence of an indorsee of negotiable paper respecting infirmities in the paper, or in the title to it, will not affect his rights, unless he is chargeable with *mala fides.*

Appeal by defendant from an order of the district court for Wilkin County, *Brown,* J., presiding, refusing a new trial, after a verdict for plaintiff.

*Gordon E. Cole,* for appellant.

*C. E. & A. G. Otis,* for respondent.

DICKINSON, J.  One Luce was doing business individually, under the name of "The Bank of Breckenridge."  He held several notes payable to himself by name, or by the name of "The Bank of Breckenridge."  He indorsed these notes, "Pay G. C. Power, or order, for account and credit Bank of Breckenridge.  [Signed]  E. E. LUCE," —and sent them to the plaintiff bank with a letter requesting the latter to discount them, and place the proceeds to his credit.  The plaintiff retained the notes, crediting the Bank of Breckenridge with their amount, less interest to the time of maturity, and advised Luce of their action.  The sum so credited was afterwards paid.  Before the maturity of the notes, the plaintiff sent the notes to the Bank of Breckenridge for collection, having indorsed them as follows:  "Pay Bank of Breckenridge, or order, for collection, account of Merchants' National Bank, St. Paul.  F. A. SEYMOUR, Cashier."  Luce, receiving the notes, transferred them by indorsement before their maturity, with the indorsements uncancelled upon them, to the defendant in payment of a precedent debt.  The defendant noticed the indorsements when he received the notes, but asked no questions, and appears to have had no notice of the plaintiff's rights respecting the notes, except as it is to be inferred from what has been stated.  The defendant having refused to restore the notes to the plaintiff, this action is prosecuted to recover their value.

In *First Nat. Bank of Rochester* v. *Pierson,* 24 Minn. 140, this court decided that national banks were not authorized to purchase promissory notes, in the ordinary sense of the word "purchase," the transaction not being a discounting of the paper, or a lending of money upon the credit of it; and the defence of *ultra vires* was sustained in an action upon a note so purchased.  Since that decision was

rendered, the act of congress upon which it was based has come before the supreme court of the United States for construction. *National Bank* v. *Matthews*, 98 U. S. 621; *National Bank* v. *Whitney*, 103 U. S. 99. The decisions of that court are to the effect that the enforcement in favor of a bank of securities upon real property, which securities the bank had acquired without authority, could not be opposed by the plea of *ultra vires*, but that it was intended by congress that the consequences of such violations of law should be only such as might be imposed in proceedings instituted against the bank by the government. This construction of the law of congress is authoritative, and it is our duty to follow it. In doing so we necessarily overrule *Bank* v. *Pierson, supra,* as to the effect of the plea of *ultra vires* in such cases.

Applying the principle established by these decisions to the case before us, it is not material whether the transaction through which the plaintiff acquired the notes was a purchase of the notes in the ordinary sense of the word "purchase," or a discount of the notes as a loan to the payee. In either case the plaintiff's right as against this defendant would be the same. That the plaintiff acquired the notes either as its absolute property or as security is conclusively shown by the evidence. The defendant claims that the case shows. a simple purchase of the notes by the plaintiff. This may be conceded for the purposes of the case. The special verdict of the jury, to the effect that the plaintiff discounted the notes for the benefit of the Bank of Breckenridge, is not inconsistent with their general verdict in favor of the plaintiff, and may be disregarded without affecting the result. The plaintiff was entitled to recover, unless the defendant is to be deemed as having taken the notes unaffected with notice of the plaintiff's rights. The court declared the indorsements. sufficient to charge the defendant with notice of whatever interest the Merchants' National Bank had in the notes, and refused to submit the question of the defendant's *bona fides* to the jury. Whether this was error is the only remaining question to be considered.

It is well established that negligence on the part of an indorsee of negotiable paper, for value and before maturity, respecting infirmities in the paper or the title to it, will not defeat the title of the pur-

chaser or his right of recovery, unless the circumstances are such as to convict him of *mala fides. Goodman* v. *Harvey,* 4 Adol. & E. 870; *Goodman* v. *Simonds,* 20 How. 343; *Freeman's Nat. Bank* v. *Savery,* 127 Mass. 75, 79; *Magee* v. *Badger,* 34 N. Y. 247; *Hamilton* v. *Vought,* 34 N. J. Law, 187.

We are of the opinion that the case conclusively shows the defendant to have acquired the notes, not merely negligently, but in bad faith. The indorsements to the Bank of Breckenridge "for collection, account of Merchants' National Bank, St. Paul," upon their face indicated that the latter bank had, or at least claimed to have, the title to the notes, and that the Bank of Breckenridge (Luce) was its agent, with authority merely to collect. *Rock Co. Nat. Bank* v. *Hollister,* 21 Minn. 385; *Third Nat. Bank* v. *Clark,* 23 Minn. 263. This assertion of title, as borne upon the notes themselves, was so placed as to show that it was presumably the last indorsement made. It is true, the prior indorsement by the payee to Power, being restrictive, did not show that the payee had parted with his title; but it was not necessary that the payee should have indorsed the notes in order to transfer his title. *Pease* v. *Rush,* 2 Minn. 89, (107;) *Foster* v. *Berkey,* 8 Minn. 310, (351;) *Cassidy* v. *First Nat. Bank,* 30 Minn. 86.

If Luce had presented to the defendant notes not thus indorsed, and had stated to him that a St. Paul bank claimed to own the notes, and had assumed to constitute him, Luce, its agent, to collect them, a purchase of the property from Luce without further explanation, and without inquiry, would, if unaffected by other circumstances, be palpably inconsistent with good faith. The case before us not less conclusively charges the defendant with *mala fides.* Luce, assuming to transfer the notes in payment of his own pre-existing debt, presented them to the defendant bearing indorsements, uncancelled and unexplained, which upon their face indicated that Luce had no right to dispose of the property, but that it belonged to another. Such was the unmistakable import of the indorsements. It was not to be presumed that the indorsements had been wrongfully or surreptitiously placed upon the notes. It was an extraordinary circumstance that Luce, if he was the owner of the paper, should, when assuming to dispose of it as his own, suffer such indorsements, impugning his own

title, to remain upon the paper unexplained. The defendant noticed the indorsements, but asked no questions. He testified in his own behalf, but no explanation or fact is presented going to oppose the conclusion which should be drawn from the circumstances which we have stated.

The defendant's purpose in acquiring the notes from Luce was, of course, to make collection from the maker for his own benefit. Having express notice by the indorsements that Luce probably did not own the property, but that this plaintiff was the owner, he could not wilfully disregard the apparent rights of the plaintiff, and, by carefully abstaining from such inquiry as the circumstances suggested, assert the right to defeat plaintiff's title under the claim of being an indorsee in good faith. His conduct in disregarding the notice, and forbearing to make inquiries, is inexplicable except upon the assumption that he was regardless of the plaintiff's apparent rights, and wilfully abstained from inquiry lest it should confirm the fact of which the indorsements notified him, and he should thus be unable to so acquire the notes that he might protect himself against the plaintiff's superior right. This was not merely negligence concerning his own interests or the rights of others, but *mala fides*. The proof of such *mala fides*, resting in the circumstances detailed, is unopposed by any fact going to support a contrary conclusion, and the court did not err in determining the matter as a conclusion of the law. *Jones* v. *Gordon*, L. R. 2 App. Cas. 616; *National Security Bank* v. *McDonald*, 127 Mass. 82; *National Bank of Com.* v. *Law*, 127 Mass. 72; *Fowler* v. *Brantly*, 14 Pet. 318.

Order affirmed.