A. J. NURSE, Appellee, v. D. SATTERLEE, Assignee, Appellant.

1. **Assignment for Benefit of Creditors:** PREFERRED CLAIMS FILED WITH ASSIGNEE: WAIVER. The filing of proof of a claim preferred by law with the assignee of an insolvent estate under a general assignment for the benefit of creditors, will not operate as a waiver of such preference, and compel such creditor to share *pro rata* with the rest of the creditors.

2. ———— : BANKS : MONEY DUE ON COLLECTIONS. The plaintiff deposited with a bank at D. for collection a foreign letter of credit, receiving a receipt therefor. The letter was forwarded by the bank for payment, and, a draft being subsequently received in payment thereof, it indorsed the same over to a bank at C. to be placed to the former's credit in its exchange account, and entered upon its journal the amount due under the letter of credit to the credit of plaintiff, and made a like entry on the credit side of the bank's ledger. Subsequently, and before payment of the letter of credit to plaintiff, the bank at D. made a general assignment for the benefit of creditors; the bank at C. having at the time a sum

much greater than the draft above referred to to the credit of the bank at D. *Held*, that the relation between plaintiff and the bank at D. was not that of debtor and creditor, but of principal and agent; and that the money collected was in the nature of a trust fund, to which the plaintiff was entitled as against the assignee and creditors of the bank of D.

*Appeal from Harrison District Court.*—HON. C. H. LEWIS, Judge.

TUESDAY, OCTOBER 28, 1890.

THIS action is based upon an agreed statement of facts. The subject-matter of the controversy is the proceeds of a certain draft or letter of credit which the Exchange Bank of Dunlap collected for the plaintiff. After the collection the bank became insolvent, and made an assignment for the benefit of its creditors. The defendant Satterlee is the assignee, and the contention between the parties is, whether the plaintiff should recover the full amount of the collection, or merely the *pro rata* amount due to the common creditors of the bank. The district court rendered a judgment and decree for the full amount of the claim, and the defendant appeals.

*Charles McKenzie*, for appellant.

No appearance for appellee.

ROTHROCK, C. J.—I. The material facts as disclosed by the agreed statement are as follows: The plaintiff delivered the letter of credit to the bank on the thirty-first day of October, 1888, and the bank delivered to him a receipt in these words:

1. ASSIGNMENT for benefit of creditors: preferred claims filed with assignee: waiver.

"October 31, 1888.

"Received from A. J. Nurse for collection letter of credit for one hundred and seventy-nine pounds, nineteen shillings and seven pence, from London and Coventry Banking Company. Two hundred dollars advanced on same.          L. A. SHERMAN,
                                        "Cashier."

The plaintiff at that time had just removed from England to the United States. He fixed his residence in the city of Omaha, Nebraska, about, or in a short time after, November 1, 1888. The draft or letter of credit was delivered to the bank by C. H. Nurse, the plaintiff's agent, and the two hundred dollars advanced was paid by the bank to said agent. On the sixth day of November, 1888, the said bank sent the said letter of credit to the Bank of Montreal at Chicago, and by letter requested a remittance of the proceeds to said Exchange Bank. On the eighth day of November, 1888, the Bank of Montreal sent the following letter to the Exchange Bank:

"CHICAGO, ILLINOIS, November 8, 1888.

"To Cashier Exchange Bank, Dunlap, Iowa.

"DEAR SIR: — In payment of your collection, London and Coventry Banking Company, one hundred and seventy-nine pounds, nineteen shillings and seven pence, received in your favor of the sixth inst. We inclose draft on Bank of New York, eight hundred and seventy-two dollars and forty-five cents, exchange eighty-four and three-fourths cents. We trust that you are satisfied as to the identity of payee.

"Yours truly,

"J. H. MUNDT,

"Manager."

On the tenth day of November, 1888, the Exchange Bank made the following entry on its journal: "Arthur Nurse, proceeds of letter of credit, six hundred and seventy-one dollars," and a like entry was made at the same time on the credit side of the ledger of the bank. Prior to the fifteenth day of November, 1888, the cashier of the Exchange Bank advised the said C. H. Nurse of the fact that the proceeds of said letter of credit had been received by the bank. At or about the same time the said C. H. Nurse notified the plaintiff by letter that the money had been collected, and that the proceeds were held by the Exchange Bank subject to plaintiff's order. On the same day that the Exchange Bank made the above entries upon its journal and

ledger, it sent the draft for eight hundred and seventy-two dollars and forty-five cents to the Council Bluffs Savings Bank with directions to place the same to the credit of the Exchange Bank, which was done. The Exchange Bank had for some time kept an account with the said Council Bluffs Savings Bank against which it drew drafts. The account was kept in the usual manner, and was credited with remittances made and charged with drafts drawn by the Exchange Bank. On the fourteenth day of January, 1889, the said Exchange Bank made a voluntary assignment for the benefit of its creditors. The defendant is the assignee, and the assets of the bank are insufficient to pay the creditors. This was the only transaction the plaintiff ever had with said bank, and he has not been paid anything upon said collection, excepting the two hundred dollars as above stated. On the fourth day of March, 1889, the plaintiff filed with the defendant, as the assignee of said bank, his claim arising out of the receipt by said Exchange Bank of the proceeds of the letter of credit. At the time the assignment was made by the bank, there were two thousand dollars standing to its credit in the Council Bluffs Savings Bank.

It is urged in behalf of appellant that the plaintiff, by filing his claim with the assignee for allowance as a creditor of the insolvent bank, waived all right to other or greater payment than that to which the general creditors were entitled. We do not concur in this view. For aught that appears the plaintiff may have believed, when he filed the claim, that the assets would be sufficient to pay all the creditors in full. The filing of the claim did not operate to the prejudice of the rights of anyone. No creditor of the bank has been misled or lost any advantage by it. The defendant assignee has not changed his position, nor incurred any liability thereby. There are no facts shown which amount to a waiver or estoppel as against the plaintiff. See *McLeod v. Evans, Assignee*, 66 Wis. 406; 28 N. W. Rep. 173, 214.

II.   It is urged with apparent confidence by counsel for appellant, that the facts establish the relation of debtor and creditor between the plaintiff and the bank, and that the plaintiff has no more right to a preference in payment than any other depositor in the bank.   Surely, it ought not to be claimed that any such relation as depositor was intended by the parties in the first instance.   The plaintiff delivered the letter of credit for collection.   He did not take a certificate of deposit, but an ordinary receipt for a collection.   When the collection was made there was no change made in the relation of the parties. The entry made in the bank-books did not change the transaction to a deposit.   Even if the officers of the bank had made it appear by the bank-books that the transaction was a deposit, it would not have affected the rights of the parties.   The plaintiff could not be transformed into a depositor without his consent.   The only fact in the case tending in the least degree to show any other relation than that of principal and agent is that the plaintiff did not call for his money at once upon being notified that it had been collected.   But this delay does not authorize the finding that the plaintiff regarded the bank as bearing any other relation to him than that of a collector.   The money was, therefore, held by the bank in the nature of a trust fund. Instead of keeping the trust funds separate and apart from other funds of the bank, it was deposited with the Council Bluffs Savings Bank, and, when the assignment was made, there was a balance in that bank in favor of the Exchange Bank amounting to two thousand dollars. Under this state of facts the plaintiff is entitled to full payment.   We have recently had occasion to examine quite fully the same question on principle in the cases of *Independent Dist. of Boyer v. King*, 80 Iowa, 497, and in *Davenport Plow Co. v. Lamp*, 80 Iowa, 722.   It is sufficient to refer to those cases, and the authorities therein cited.   We might say, however, in conclusion, that the case is very much the same in its facts as that of *McLeod v. Evans, supra*, with the

2. ——: banks: money due on collections.

exception that, in that case, the money collected could not be traced to any distinct fund. Here it is to be found as a deposit in the Council Bluffs Savings Bank. This difference in the cases is the ground upon which a dissenting opinion was based in the cited case.

The judgment of the district court is AFFIRMED.