NATIONAL CITIZENS' BANK OF NEW YORK v. CITIZENS' NATIONAL BANK OF RALEIGH.

*Banks—Collections—Restricted Endorsement—Insolvency of Corresponding Bank.*

1. Whenever it appears on the face of a paper that it is in the hands of a bank for collection, the proceeds of the collection are the property of the owner, and the actual collecting bank is liable to the owner in case of the insolvency of an intermediary bank from which the paper has been received for collection, and to whose credit the proceeds have been placed, notwithstanding the fact that the state of accounts between such intermediary bank and the collecting bank shows a balance (after crediting the collection) in favor of the latter.

2. A restrictive endorsement, such as " For collection for account of, &c.," prevents the transfer of title to a bank to which it is sent for collection ; and where, in an action to recover the proceeds of the collection of such paper from one who received it for collection from an intermediary, the complaint alleged that the plaintiff had been in possession and was the owner of the paper, and such allegations and the presumption arising therefrom not having been denied or rebutted, it was not error in the court below to adjudge that the plaintiff was the owner.

CIVIL ACTION, tried before *Starbuck, J.,* at January Term, 1896, of NEW HANOVER Superior Court. By consent a jury trial was waived, and his Honor found the facts, which are substantially set out in the opinion of Associate Justice MONTGOMERY. There was judgment for the plaintiff, and the defendant appealed.

*Messrs. Battle & Mordecai,* for defendant (appellant).
*Mr. Iredell Meares,* for plaintiff.

MONTGOMERY, J.: The drawer of the check lived in Raleigh, N. C., and the payees lived in New York City. The

check was deposited by the payees in the plaintiff bank in New York, and by the plaintiffs sent on to the Bank of New Hanover at Wilmington, N. C., with endorsement, " For collection for account of National Citizens' Bank of New York " (the plaintiff ). The check was sent by the Bank of New Hanover to the defendant bank at Raleigh, with the additional endorsement, " For collection account of Bank of New Hanover, Wilmington, N.C." The defendant bank entered a credit on its books to the Bank of New Hanover for the amount of the check fifteen minutes before the registration of the deed of assignment made by the Bank of New Hanover on account of insolvency. The money was collected on the same day the credit was given. The balance on the reciprocal accounts between the New Hanover Bank and the defendant bank, after the credit of the amount of the check, was in favor of defendants. The plaintiff bank and the Bank of New Hanover kept no reciprocal accounts. On the contrary, the plaintiff would send to the Bank of New Hanover matters for collection, and when collected the New Hanover Bank would remit the proceeds to the plaintiff. The New Hanover Bank did not have on its ledger any account with the plaintiff bank. It kept only the record of its transactions with the plaintiff on its collection register. Upon the facts (which His Honor found by agreement) judgment was entered for the plaintiff, and the defendants appealed from the judgment. There was no error in the rendering of the judgment. The defendants saw, from the endorsements on the check, that it was the property of the plaintiff and that the New Hanover Bank was merely an agent to collect it for the plaintiff. *Boykin* v. *Bank*, 118 N. C., 566. If there ever had been any conflict in the decisions of this Court on the subject-matter embraced in this opinion, before the case of *Boykin* v. *Bank*, *supra*, was decided, that opinion would

seem to have resolved the doubt. It was held in that case, in substance, that wherever it appeared on the face of a paper that it was in the possession of a bank for collection the proceeds of the collection were the property of the owner, and that the actual collecting bank is liable to the owner in case of the insolvency of any intermediary bank which has received it for collection, unless the actual collector had remitted the proceeds or its equivalent to the bank from whom he received it before he had knowledge of that bank's insolvency. Simply entering credits on mutual accounts between the actual collecting banks and their intermediaries will not protect the actual collector of such drafts and checks from the demands of the owner under the circumstances of this case. For their own convenience it may be well for the banks and collecting agencies to observe such rules, but they will not be allowed to work injury and loss to owners of checks and drafts who send them out to be collected and the proceeds returned to them. Of course, a bank which had received a check or draft from an agent bank of the principal would be protected if it had sent to the agent, before the agent's known insolvency or the principal's demand, the funds, or their equivalant, collected on the paper. We are aware that this is not the rule in all the States of the Union. The counsel of the defendant read to us the opinion of the Supreme Court of Tennessee in the case of *Howard* v. *Walker*, 92 Tenn., 452, in which the opposite view of this subject is taken ; but we will abide by our own decisions.

The contention of the defendants that the check was not the property of the plaintiff cannot be sustained. The complaint alleged that it was the property of the plaintiffs and it was not denied in the answer except by legal inference. The defendants averred that the title to the check, as a matter of law, passed out of the plaintiff to the Bank of

BANK v. BANK.

New Havover when the former sent it to the latter for collection. This is not a sound proposition of law ; for, as we have seen, the endorsement was restricted. The plaintiffs having been in posession of the check, and having alleged in their complaint that they were the owners of it, the presumption is that it was their property ; and this presumption not having been rebutted, the finding of his Honor was correct.        No Error.