# Josiah Morris & Co. *v.* Alabama Carbon Co.

### *Action for Money had and received.*

1. *Draft or bill of exchange; ownership of debt.*—A draft drawn in favor of the cashier of a bank, merely for the purpose of enabling the collector of the bank to apply the proceeds thereof to the drawer's credit, and which is inclosed in a letter to the cashier requesting him to collect the draft and place to his credit, does not affect or change the equitable ownership of the debt for which the draft was drawn.

2. *Same; endorsement for collection.*—Where a draft which is drawn in favor of the cashier of a bank, for the purpose of enabling the bank to collect and apply the proceeds thereof to the drawer's. credit, is endorsed by said bank to another bank and is inclosed in a letter to said second bank with the advice that the draft was for collection, the second bank takes the draft, not as a purchaser but in the capacity of a collecting agent for the forwarding bank.

3. *Same; how collecting bank holds money collected on draft.* Where a bank collects money on a draft sent to it by another bank, to which such draft was given for collection by the owner, and such draft is accompanied with a letter advising

the collecting bank that it is for collection, the collecting bank holds the money collected upon the draft as the money the owner, and has no authority to apply it to the payment of the indebtedness due it from the forwarding bank; and this is true, even though the forwarding bank made an assignment and ceased to do business previous to the collection of the draft.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

This was an action brought by the appellee, The Alabama Carbon Company, a corporation, against the appellant, Josiah Morris & Co., a partnership, to recover for money had and received.

The cause was tried by the court without the intervention of a jury upon an agreed statement of facts, which was in substance as follows:

On December 22, 1896, the plaintiff, The Alabama Carbon Company, drew a sight draft on Wood Brothers of Montgomery, Alabama, payable to the order of A. E. Baker, Cashier. A. E. Baker was the cashier of the Commercial Bank of Selma. This draft was inclosed in a letter to A. E. Baker, Cashier, which stated: "Inclosed find sight draft on Wood Bros. for $126.91, which please collect and place to our credit." On December 24, 1896, after endorsing the draft, A. E. Baker, cashier, sent the same to the defendant, Josiah Morris & Co., of Montgomery, Alabama, together with a letter which stated: "I inclose for collection and credit" certain notes and drafts, among which was the draft on Wood Bros. above referred to. The endorsement on the draft was "Pay to the order of Josiah Morris & Co.," and was signed "Commercial Bank of Selma, Alabama, A. E. Baker, Cashier." At the time the draft was received by the defendant, the Commercial Bank of Selma was indebted to the defendant in a larger sum of money than the amount of the draft. The draft was sent in the regular course of business. On December 30, 1896, the defendant collected the amount of the draft from Wood Bros. This collection was made after the Commercial Bank of Selma had made an assignment and ceased to do business. On December 31, 1896, the amount so col-

. [Josiah Morris & Co. v. Alabama Carbon Co.]

lected by the defendant from Wood Bros. was credited by the defendant on the previously existing debt of the Commercial Bank of Selma to the defendant. The defendant had no other transaction with the Commercial Bank of Selma after said draft was sent to it. The plaintiff never received the amount of the draft from the defendant, though it made demand therefor, nor has it received any sum whatever from the defendant, or from the Commercial Bank of Selma or its assigns, nor was any credit ever given the plaintiff by the Commercial Bank of Selma or its assigns.

On this evidence the court rendered judgment in favor of the plaintiff, fixing its recovery at $164.95. The defendant appeals, and assigns as error the rendition of judgment in favor of the plaintiff.

RAY RUSHTON and GEORGE F. MOORE, for appellant. The Selma bank, when it forwarded this draft to Josiah Morris & Company, its correspondent, intended to part with the ownership and title to the draft so far as to authorize Josiah Morris & Company to collect the same and pass the proceeds to its credit, as distinguished from collecting and remitting the proceeds; in other words, it was intended by the character of the endorsement and by the disposition authorized of the proceeds that the relation of the creditor and debtor should exist, and not merely the relation of principal and agent.—*Bank of the Metropolis v. New England Bank,* 1 How. 234; *Dappelt v. National Bank,* 175 Ill. 432; *Winfield National Bank, v. McWilliams,* 60 Pacific Rep. 229.

HILL & HILL, *contra.*—Where a draft is sent by a collecting agent to a sub-agent for collection, and the proceeds are applied by the sub-agent in payment of an indebtedness by the agent to itself, the principal is entitled to recover against the sub-agent for money had and received.—*United States v. State Nat. Bank,* 96 U. S. (6 Otto) 35; *Wilson & Co. v. Smith,* 3 Howard 763; *Chicago v. Bank,* 3 Fed. Rep. 257; *Bank v. Nelson,* 105 Ala. 197.

SHARPE, J.—Plaintiff's draft on Wood Brothers having been drawn in favor of the cashier of the Commercial Bank of Selma merely for the purpose of enabling that bank to collect and apply the proceeds thereof to plaintiff's credit did not have effect to divest plaintiff of its equitable ownership of the debt drawn for. That bank's endorsement of the draft to defendants did not have such effect since, as shown by the letters of advice accompanying the drafts, it took the paper not as a purchaser but in the capacity of a collecting agent for the forwarding bank.—*Williams v. Jones,* 77 Ala. 294; *Branch v. U. S. Nat. Bank,* 50 Neb. 470; 70 N. W. 34. The first of these letters, viz., the letter of plaintiff advising the Commerical Bank that the draft was for collection, was, when forwarded to defendants, sufficient to put them on notice that plaintiff remained the beneficial owner of the claim sought to be collected, notwithstanding the form of the draft and of the endorsement were such as to transfer the legal title of the claim. The assignment of and cessation of business by the Commercial Bank of Selma, occurring previous to the collection of the draft, operated to terminate the agency of the bank and to forestall whatever right defendants might, in the absence of those occurrences, have had to retain the proceeds of the draft as a payment on the debt due them by that bank, and the plaintiff as the equitable owner of these proceeds had the right to recover therefor as for money had and received to its use. As supporting this conclusion see *People's Bank of Lewisburg v. Jefferson County Savings Bank,* 106 Ala. 524; *Evansville Bank v. German Am. Bank,* 155 U. S. 556; *Wilson v. Smith,* 96 U. S. 35; *Branch v. U. S. Nat. Bank,* 50 Neb. 470; 70 N. W. Rep. 34; *Millikin v. Shapleigh,* 36 Mo. 599; *First National Bk. of Chicago v. Reno County Bk.,* 3 Fed. Rep. 257; Zane on Banking, pp. 297, 322, 315, 317.

Judgment affirmed.