## CHARLES C. EIFEL v. A. J. VEIGEL AND ANOTHER.[1]

December 10, 1926.

No. 25,387.

**Commercial paper deposited for collection remains depositor's property.**

1. Commercial paper deposited in a bank for collection remains the property of the depositor and the bank is merely his agent to collect it.

**When proceeds are credited to depositor they become property of bank.**

2. If deposited for collection and credit, it remains the property of the depositor until collected and the proceeds credited to him; but when the proceeds are so credited they become the property of the bank and the relation changes from that of principal and agent to that of debtor and creditor.

**When bank is merely depositor's agent to collect and remit.**

3. If deposited for collection and remittance, both paper and proceeds remain the property of the depositor and the bank is merely his agent to collect and remit.

[1]Reported in 211 N. W. 332.

**Whether deposited for credit or remittance may be implied from circumstances.**

4. Whether deposited for collection and credit or collection and remittance may be implied from circumstances in the absence of an agreement.

**When nondepositor remains owner of both paper and its proceeds.**

5. A nondepositor who places paper in a bank for collection remains the owner of both the paper and its proceeds in the absence of facts showing a different intention.

**Relation between nonresident nondepositor and bank was that of principal and agent.**

6. Plaintiff, a resident of another state and a nondepositor, placed in the bank for collection an unindorsed promissory note payable to a third party but sold to and owned by him. The bank made the collection but, claiming the right to apply the proceeds upon the indebtedness of the third party, did not remit them to plaintiff nor place them to his credit, and while holding them became insolvent. *Held* that the relation between them was that of principal and agent, not that of debtor and creditor, and that plaintiff is entitled to recover the proceeds of the note as property belonging to him which augmented the assets of the bank.

Banks and Banking, 7 C. J. p. 597 n. 32; p. 599 n. 38; p. 605 n. 76, 81 New; p. 616 n. 68; p. 625 n. 76; p. 752 n. 81.

See notes in 11 A. L. R. 1043; 16 A. L. R. 1084; 42 A. L. R. 494; 3 R. C. L. 633.

Plaintiff appealed from an order of the district court for Marshall county, Grindeland, J., denying his motion for a new trial. Reversed.

*Gilbert E. Harris* and *Julius J. Olson,* for appellant.
*A. N. Eckstrom,* for respondents.

TAYLOR, C.

The defendant bank was closed in August, 1922, and its affairs are being wound up by the superintendent of banks. The question

presented is whether plaintiff is simply a general creditor of the bank or is entitled to a preference right of payment.

The court found as a fact that plaintiff was the owner and holder of a promissory note for the sum of $1,700 executed by one Harold Myhre and payable to the Argyle Machine & Iron Works or order, which note had been sold, transferred and delivered to plaintiff by the payee in December, 1920; and that plaintiff "deposited the said note for collection with the said Citizens State Bank of Argyle, Minnesota, and that the said bank did thereupon undertake on behalf of said plaintiff to collect the note for him."

The court further found "that on or about the 30th day of April, 1921, the said bank did collect the amount then due on said note, to-wit: $1,759.50, and that the defendant bank has failed to remit said amount, or any part thereof, to the plaintiff herein."

The court directed that judgment be rendered for plaintiff for the amount collected, and that it be allowed as a general claim in the liquidation proceedings and be paid ratably with other general claims out of the assets of the bank. Plaintiff appealed from an order denying a new trial and insists that he is entitled to have his claim allowed and paid as a preferred claim.

The bank claimed that it held the note as collateral to the indebtedness of the Argyle Machine & Iron Works, and was entitled to apply its proceeds upon that indebtedness, and some months after the collection was made attempted to do so; but, as the defendants have not appealed, they are bound and concluded by the findings.

Plaintiff is a resident of Chicago, Illinois, and it is undisputed that the deposit of this note for collection is the only transaction which he ever had with defendant bank. It is also undisputed that the note was not indorsed either by plaintiff or by the original payee from whom plaintiff received it.

It is well settled that commercial paper deposited in a bank for collection remains the property of the depositor and that the bank is merely his agent to collect it. The law governing such deposits is stated fully and accurately in 3 R. C. L. 633 as follows:

"If it was deposited for collection merely, it is quite plain that the bank does not take title, but merely acts as agent for collection. The property in the check or draft remains in the depositor, and the relation arising from the transaction is not that of debtor and creditor, but of principal and agent. These principles must always be borne in mind in considering the question as to the title to the proceeds of collections by banks, as it necessarily follows that, if the title to the paper to be collected passed to the bank, the proceeds of the collection will belong to it, and the bank will be merely a general debtor of the customer; whereas, if the paper was deposited for collection merely, as title thereto remains in the customer, title to the proceeds will not necessarily pass to the bank. When it is finally determined that a deposit of a check or draft was for collection only and vested no title thereto in the bank, the question still remains as to the title to the proceeds of such check or draft. The question may be said to be simply one of the intention of the parties. If they intended that the proceeds should be remitted immediately upon receipt thereof, or if in any other way it can be shown that the parties intended that the proceeds of the check as well as the check itself should remain the property of the owner, such intention will control and the bank will not take title to the proceeds. On the other hand, where the understanding is that the bank, when the collection shall have been made, shall pass it to the general credit of the depositor, kept subject to check, such credit being authorized, it is the same as though the money had been deposited by the depositor to his credit; the title to the proceeds after being credited passes to the bank, and the relation becomes merely that of debtor and creditor."

Where commercial paper is deposited in a bank for collection and credit, it remains the property of the depositor until it has been collected and the proceeds thereof have been placed to the credit of the depositor, and the relation between the depositor and the bank is that of principal and agent; but when the collection has been made and the proceeds have been placed to the credit of the depositor they then become the property of the bank and the relation between the

bank and the depositor becomes that of debtor and creditor. 11 A. L. R. 1046, and cases there cited; 16 A. L. R. 1084; 42 A. L. R. 494.

Where the paper is deposited for collection and remittance, both the paper and its proceeds remain the property of the depositor, and the bank is merely his agent to collect the paper and transmit to him the proceeds thereof and does not become the owner of either. Darragh Co. v. Goodman, 124 Ark. 532, 187 S. W. 673; National L. Ins. Co. v. Mather, 118 Ill. App. 491; Messenger v. Carroll Tr. & Sav. Bank, 193 Iowa, 608, 187 N. W. 545; Griffin v. Chase, 36 Neb. 328, 54 N. W. 572; In re Bank of Cuba in New York, 198 App. Div. 733, 191 N. Y. Supp. 88; Thomson v. Bank of Syracuse (Mo. App.) 278 S. W. 810.

Whether the paper was deposited. for collection and credit or for collection and remittance may be implied, in the absence of an express agreement, from the situation and relation of the parties, from the course of dealing between them, from the nature of the transaction, or from any other circumstances which disclose whether they intended credit or remittance. Darragh Co. v. Goodman, 124 Ark. 532, 187 S. W. 673; First Nat. Bank v. Fleming St. Bank, 74 Colo. 309, 221 Pac. 891; Lawrence v. Lincoln County Tr. Co. 125 Me. 150, 131 Atl. 863; Jersey Shore Tr. Co. v. Owosso Sav. Bank, 223 Mich. 513, 194 N. W. 588, 32 A. L. R. 714; McHenry County v. Northern Tr. Co. 51 N. D. 646, 200 N. W. 888; First Nat. Bank v. Sanford, 62 Mo. App. 394; First Nat. Bank v. Smith Bros. Grain Co. (Tex. Civ. App.) 276 S. W. 951; State v. Banking Corp. 74 Mont. 491, 241 Pac. 626.

In 7 C. J. 599, it is said:

"In making collections for nondepositors a bank acts as an agent until the completion of the collection and the return of the proceeds to the employer."

Although the courts are not unanimous, the statement in Corpus Juris is supported by the weight of authority, and one claiming that title to the proceeds passed to the bank has the burden of showing that such was the intention of the parties. Second Nat. Bank

v. Bank of Alma, 99 Ark. 386, 138 S. W. 472; Darragh Co. v. Goodman, 124 Ark. 532, 187 S. W. 673; Henderson v. O'Conor, 106 Cal. 385, 39 Pac. 786; Nurse v. Satterlee, 81 Iowa, 491, 46 N. W. 1102; Anheuser-Busch Br. Assn. v. Morris, 36 Neb. 31, 53 N. W. 1037; Lawrence v. Lincoln County Tr. Co. 125 Me. 150, 131 Atl. 863; McLeod v. Evans, 66 Wis. 401, 28 N. W. 173, 214, 57 Am. Rep. 287; People v. Merchants Bank, 92 Hun, 159, 36 N. Y. Supp. 989; In re Bank of Cuba in New York, 198 App. Div. 733, 191 N. Y. Supp. 88.

Although the courts are not unanimous, the decided weight of authority is to the effect that depositing paper for collection merely gives authority to collect it, and that both the paper and its proceeds remain the property of the depositor in the absence of facts showing a different intention. Rock County Nat. Bank v. Hollister, 21 Minn. 385; Third Nat. Bank v. Clark, 23 Minn. 263; Merchants Nat. Bank v. Hanson, 33 Minn. 40, 21 N. W. 849, 53 Am. Rep. 5; In re Seven Corners Bank, 58 Minn. 5, 59 N. W. 633; White v. Miners Nat. Bank, 102 U. S. 658, 26 L. ed. 250; State v. Bank of Commerce, 61 Neb. 181, 85 N. W. 43, 52 L. R. A. 858; Jones v. Kilbreth, 49 Oh. St. 401, 31 N. E. 346; Mechanics Bank v. Valley Packing Co. 70 Mo. 643; Josiah Morris & Co. v. Alabama Carbon Co. 139 Ala. 620, 36 South. 764; Peoples Bank v. Jefferson County Sav. Bank, 106 Ala. 524, 17 South. 728, 54 Am. St. 59; Boykin, Seddon & Co. v. Bank, 118 N. C. 566, 24 S. E. 357; Nat. Cit. Bank v. Citizens Nat. Bank, 119 N. C. 307, 25 S. E. 971; Central Railroad v. First Nat. Bank, 73 Ga. 383; Tyson & Rawls v. Western Nat. Bank, 77 Md. 412, 26 Atl. 520, 23 L. R. A. 161; Hoffman v. First Nat. Bank, 46 N. J. L. 604; First Nat. Bank v. Sanford, 62 Mo. App. 394; McKeon v. Meade County Bank, 37 S. D. 100, 156 N. W. 795; McLeod v. Evans, 66 Wis. 401, 28 N. W. 173, 214, 57 Am. Rep. 287; Lawrence v. Lincoln County Tr. Co. 125 Me. 150, 131 Atl. 863; Thompson v. Bank of Syracuse (Mo. App.) 278 S. W. 810.

In the instant case it conclusively appears that plaintiff is a resident of another state; that placing the note in question in the bank for collection is the only transaction which he ever had with the bank; that the note was not indorsed; that the bank collected it, but

did not remit the proceeds to plaintiff nor place them to his credit either as a depositor or otherwise; that the bank claimed that the note was deposited by the original payee, and that it had the right to apply the proceeds thereof upon the indebtedness of such payee, and on that ground refused to pay the proceeds over to plaintiff upon his demand therefor made shortly after the note had been collected.

That plaintiff was the owner of the note and deposited it in the bank for collection and that the bank undertook to collect it for plaintiff is found by the court on ample evidence. The bank was merely the agent of plaintiff to collect the note and remit the proceeds, and the facts will not permit a conclusion that the relation between them of principal and agent ever changed to that of debtor and creditor. The title to the proceeds of the note did not pass to the bank but remained in plaintiff, and as they augmented the assets of the bank to the amount thereof, plaintiff is entitled to have the full amount paid to him. The order is reversed and the trial court is directed to modify its conclusions to conform to this opinion.