STEVENSON & TAYLOR v. THE FIDELITY BANK OF DURHAM.

*Dealings Between Banks—Agency—Collection of Commercial Paper—Purchaser for Value.*

Where one bank, as the agent of a customer, sent a draft for collection to another bank between which and the former the business arrangement was that each should daily remit for the items sent by and collected for the other, the collecting bank was not a purchaser for value by reason of the fact that it had a balance against the forwarding bank and had no right, as against the owner of the paper, to apply the proceeds to the credit of the account of the forwarding bank, especially when, before the paper was collected, the latter bank had failed and suspended business.

CIVIL ACTION, heard before *Bryan, J.*, at September Term, 1893, of NEW HANOVER Superior Court, upon an agreed statement of facts, which was substantially as follows:

The plaintiffs, merchants doing business in Wilmington, on the 12th day of June, 1893, drew a sight draft on W. K. Proctor, of Durham, N. C., for $200.20, payable to W. L. Smith, cashier of the Bank of New Hanover, at Wilmington, and deposited the same for collection in said bank. The draft was not credited to the plaintiffs on the books of the bank, and was not to be so credited until collected. The said bank endorsed the same, "for collection, account of Bank of New Hanover, Wilmington, N. C., W. L. Smith, cashier," and forwarded the same to the defendant, the Fidelity Bank, of Durham, which received it on the 15th of June, 1893. The drawee "accepted" the same on that day, and paid it on the 19th at 11 o'clock A. M. The Bank of New Hanover made an assignment at 9 o'clock A. M. on the 19th June, 1893, of which defendant was not notified until 5 o'clock P. M. of that day.

The defendant credited the Bank of New Hanover with the proceeds of said draft, and had no notice that the said

draft was deposited by the plaintiffs with the Bank of New Hanover for collection only, and had no knowledge or notice of any fact or circumstance of the drawing and deposit of the draft, except what appears from the draft itself. The Bank of New Hanover was indebted to the Fidelity Bank, the defendant, on June 19, 1893. The Bank of New Hanover and the Fidelity Bank had for some months prior to June 1, 1893, forwarded each to the other drafts and other bills of exchange and negotiable papers for collection on account of the bank forwarding such papers, and had charged and credited each other with said items, and the debtor bank had from time to time remitted balances due the creditor bank, and kept mutual open and running accounts the one against the other. But some time prior to June 1, 1893, there was a change in the arrangement between these banks, and it was mutually agreed to close the mutual account, and that each bank should remit to the other daily the respective items when collected. However, in fact, the Bank of New Hanover did not remit daily each item when collected, as appears by the appended statement. The Bank of New Hanover, in payment of amounts due the Fidelity Bank, tendered said defendant its drafts on New York as follows, viz., June 12, $178.90; June 14, $191.10; June 16, $40.17, which were accepted subject to payment, and promptly presented for payment, but protested for non-payment.

His Honor gave judgment for the plaintiffs, and defendant appealed.

*Mr. George Rountree,* for plaintiffs.
*Mr. J. S. Manning,* for defendant (appellant).

MacRae, J.: The ingenious argument of defendant's counsel is based entirely upon the assumption that the defendant was a purchaser of commercial paper for value and without

notice of any equities between the original parties thereto, and before maturity. If such had been the case, there can be no question that the defendant would have been entitled to hold the avails to its own use. If the course of dealings between the two banks had continued as it had been prior to June, 1891, the forwarding by the one to the other of commercial paper for collection on account of the bank so forwarding, the charging and crediting each other with said items upon a mutual running account, and the remission by the debtor to the creditor bank of balances from time to time, the question would have arisen whether one bank became the purchaser for value of the paper received by it for collection by reason of the fact that the balance of account was against the remitting bank.

Even if this were the case presented to us, we should be inclined to adopt the rulings of the New York Court of Appeals in *McBride* v. *Bank*, 26 N. Y., 450: "It is not a purchaser for value by reason of its having a balance against the remitting bank, for which it had refrained from drawing, and from having discounted notes for the latter upon its endorsements, in reliance upon a course of dealings between the banks to collect notes for each other, each keeping an open account of such collections, treating all the paper sent for collection as the property of the other, and drawing for balances at pleasure"; or that of the Supreme Court of the United States in *Bank of the Metropolis* v. *New England Bank*, 6 Howard, 212, where the above stated principle seems to be somewhat modified. In substance, the Court say that the receiving bank is not entitled to retain against the real owners unless credit was given to the transmitting bank, or balances suffered to remain in its hands to be met by the negotiable paper transmitted, or expected to be transmitted, in the usual course of dealings between the two banks. See 2d Morse on Banking, § 591, *et seq.*, where the subject is largely discussed.

If this were an open question it would not affect the case before us. By the case agreed it appears that, up to June, 1891, there had been such a course of mutual dealings and running accounts between the two banks as is referred to above, but, some time prior to June 1, 1893, there was a change in the arrangement between these banks, and it was mutually agreed to close the mutual accounts and that each bank should remit to the other, daily, the respective items, when collected. However, in fact, the Bank of New Hanover did not remit daily each item when collected, as appears by the appended statement. And it further appears that, by this change of the course of dealings between the banks, although the agreement was not strictly complied with by the Bank of New Hanover, the said bank did remit to the Fidelity Bank its drafts on New York in payment of the balances against the former and in favor of the latter bank, and that the draft in question was sent *for collection.* It was by the dishonor of the New York paper sent in payment of balances that the defendant became the loser. And we are of the opinion that the defendant was acting in the capacity of sub-agent in the collection of the plaintiff's draft. *Manufacturers Bank* v. *Continental Bank,* 148 Mass., 553. Under the arrangement that then existed between the two banks, the defendant could in no sense be considered a purchaser for value of the draft in question. The defendant was the agent of the Bank of New Hanover to collect the draft, and if it had authority to credit the said bank with the avails of the collection it was only so while the bank was a going concern. But the bank became insolvent before the agency was completed and the money received, so that no authority existed to credit the money on general account. 2 Morse on Banking, § 568.

As we hold that in no event was the defendant a purchaser of the draft, it will not be necessary to follow the argument of counsel upon that line. There is                   No Error.