BOYKIN, SEDDON & CO. v. BANK OF FAYETTEVILLE.

*Banks—Collections—Drafts Endorsed "for Collection."*

Where plaintiff sent a draft to N. H. bank for collection and the bank sent it with like endorsement to its correspondent the Bank of F., which collected the draft and credited the proceeds to the account of the N. H. Bank; *Held*, that the restrictive endorsement "for collection" was notice to the bank of F. that the plaintiff was the owner of the draft and that the N. H. bank was only an agent and the fact that the proceeds were placed to the credit of the latter bank (but not actually paid over) is no defense to an action by the plaintiff.

CIVIL ACTION, heard on appeal from a judgment of a justice of the peace, before *Hoke*, *J.*, at November Term,

1895, of CUMBERLAND Superior Court. The action was brought to recover the amount of a draft sent by the plaintiff to Bank of New Hanover, at Wilmington, endorsed " for collection and remittance " and by the latter bank sent to the defendant.

On the trial John C. Haigh testified as follows :

" Received draft from Bank New Hanover. Draft accepted and paid by A. E. Rankin & Co. Gave bank credit for it. Didn't send them any money. Paid 17th June, 1893, by Rankin & Co. Didn't send any money; did not account for it, except notified them it was paid and put to their credit on night of 17th June (Saturday). On morning 19th (Monday) heard of failure of Bank. Mailed notice of payment on 17th. Think it was late in afternoon when notice was mailed—after banking hours. Distance from Fayetteville 75 miles. Couldn't have reached Wilmington before Monday.

" Cross-examined—Draft reached us in ordinary course of business, for collection, from Bank of New Hanover. Kept running and reciprocal account with Bank of New Hanover. Entered credits and let run up to $4,000 or $5,000, and then settlement had and balance remitted. This was method of dealing between banks and the usual —univeral—custom between banks. Money $82.50, on 17th June, put to credit of Bank of New Hanover and entered on books of defendant Bank to its credit. We had no information endorsement on draft when we got it."

The court held that the entries on the back of draft were notice to defendant Bank that the draft was held for collection only, and that on the evidence, if believed, defendant was responsible and so instructed jury.

Defendant excepted to ruling of court, contending that when defendant Bank collected money and entered same to credit of Bank of New Hanover, and mailed notice,

the obligation of defendant Bank to the plaintiffs ceased, and the plaintiffs were thereafter only creditors to Bank of New Hanover.

Defendant appealed from judgment for plaintiff.

*Mr. H. L. Cook*, for plaintiff.
*Mr. R. P. Buxton*, for defendant (appellant).

CLARK, J.: The endorsement on the paper "for collection" was notice to the defendant that the plaintiff was the owner of the same and that the Wilmington bank was merely an agent. Morse on Banks, Sec. 217; 2 *Ib.*, Sec. 593. If the defendant had actually paid the money collected to the agent before any notice from the principal, it would have been a discharge of liability; but, here, there has been no actual payment, simply an entry of the amount on its books to the credit of the Wilmington bank, which was authority for that bank to draw, but this could be corrected by a counter entry and a notice to the Wilmington bank that the money had been paid to the principal. As the latter bank has become insolvent and has gone into liquidation, it was entirely proper that the principal should intervene and not permit the fund to go into the hands of his insolvent agent. *Stevenson* v. *Bank*, 113 N. C., 485; 2 Morse on Banks, Sec. 591; *Union Bank v. Johnson*, 9 Gill & J., 297. Had the defendant bank refused to pay over the money to the Wilmington bank, it is settled that the latter could not maintain an action to recover from the defendant, but the plaintiff alone could maintain the action, being the real party in interest. *Abrams* v. *Cureton*, 74 N. C., 523, which has been often cited with approval. See Womack's Digest, No. 8. It must be noted that here there was shown no interest coupled with a trust, nor any authority devolved upon the Wilmington bank to apply the funds to any special

purpose, which would have entitled that bank to have brought an action for this fund as " trustee of an express trust," which was the case in *Wynne* v. *Heck*, 92 N.C., 414.