EDWARD D. FLYNN *vs.* WILLIAM J. CURRIE.

Aroostook.      Opinion November 19, 1931.

*Thomas B. Dougherty,*
*Bernard Archibald,* for plaintiff.
*N. H. Solomon,*
*A. S. Crawford, Jr.,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, THAXTER, JJ.

DUNN, J.   This is an action of assumpsit on a check. It was
brought by the endorsee against the maker, who stopped payment.

The plea is the general issue, and there is brief statement of special matter of defense, the nature of which will presently be apparent.

At the close of the evidence, the jury was ordered to return a verdict for the plaintiff, and defendant excepted.

The question presented is whether, upon any reasonable view of the evidence, the jury could have found a verdict for the defendant.

The check, though it appears to have been negotiated outside this State, bears upon its face every mark of a transaction to be performed in Maine. It was dated at Houlton, and drawn on a Houlton bank. Validity depends upon the laws of the State of Maine.

A check is a negotiable instrument. R. S., Chap. 164, Sec. 185. The instrument is not invalid for the reason only that it is post-dated, provided this is not done for an illegal or fraudulent purpose. R. S., Chap. 164, Sec. 12. Checks are equivalent to drawers' promises to pay. *Foster* v. *Paulk*, 41 Me., 425 ; *Merrill Trust Company* v. *Brown*, 122 Me., 101.

Where the drawer of a check stops payment thereon, he is liable to the holder of the check for the consequences of his conduct. In such event the situation is the same as if the check had been dishonored and notice thereof given to the drawer. The effect, so far as the drawer is concerned, is to change his conditional liability that he will pay the check according to its tenor if the drawee (bank) does not, to one free from the condition; his position becomes like that of the maker of a promissory note due on demand, except so far as delay in presentment may have caused him loss. R. S., Chap. 164, Sec. 184. *Patterson* v. *Oakes* (Iowa 1921), 181 N. W., 787.

There is undisputed evidence that the defendant, a resident of Houlton, personally purchased one hundred and forty-one gallons of that kind of intoxicating liquor known as alcohol, on July 15, 1930, in the Province of New Brunswick, Canada, for $950. He gave his check, dated July 19, 1930, to the order of the seller, one John H. Murray, in payment.

On purchase, the alcohol was transported to a point within eight miles of the international boundary line, and stored in an ice house.

Triers of fact might find, from the evidence, that the defendant bought the alcohol, intending to resell it, in violation of the prohibitory liquor statutes of Maine; but nothing shows that the liquor, or any of it, was ever brought into Maine.

The jury could have found that Mr. Murray, the payee, endorsed the check in blank, and left it with a hotel clerk, to be handed to Mr. Flynn, the plaintiff, whom Mr. Murray testifies he "just knew when he saw him"; and that Mr. Flynn thus acquired the check in payment of a preëxisting debt. An antecedent indebtedness constitutes value, and is sufficient consideration to support a simple contract. R. S., Chap. 164, Sec. 25; *Jordan* v. *Goodside*, 123 Me., 330.

The plaintiff himself did not testify.

Mr. Hartley, a New Brunswick barrister, introduced as a witness by the defense, testified that, in his country, on the day of the date of the sale of the alcohol, only the Government could have made a legal sale of intoxicating liquor.

The plaintiff, the defense tacitly concedes, made a *prima facie* case. The defense then introduced evidence. It is the contention of counsel that such evidence, assuming it true and giving it full probative value, tends to prove, directly and by inference, that the affair had the vitiating taint of illegality.

Counsel for plaintiff replies that contention goes too far. He argues that, whatever may be the original fact, the evidence falls short of tendency to establish that plaintiff was acquainted therewith. Insistence is that evidence shows that plaintiff took the check, as a holder in due course, without actual knowledge of any infirmity of consideration, or of such facts that his action in taking the instrument amounted to bad faith. Hence, plaintiff claims his title to be free from equities or defenses as between his transferrer and the drawer. That is the issue for determination; it is a question of fact.

The case was for the jury.

*Exception sustained.*