UNIVERSAL SUPPLY COMPANY *vs.* MELVIN C. HILDRETH.

Middlesex. January 4, 1934. — September 12, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & FIELD, JJ.

*Trustee Process. Bills and Notes,* Payment by check. *Payment. Practice, Civil,* Verdict; Exceptions: what question open; Venue; Waiver of objection to venue; Removal from District to Superior Court. *Venue.*

Although, where a debtor gives to his creditor his check drawn against funds and the check is accepted by the creditor in settlement of the debt, the debtor, even though the check has not been presented for payment before service upon him of a writ in trustee process against the creditor as defendant, cannot be held in such action as trustee of his creditor, a stopping of payment upon the check by the debtor, upon such service being made, before the check is certified or delivered to a holder for value nullifies what otherwise would have been such payment and takes effect as of the time of the giving of the check to the creditor; and in such circumstances the debtor should be charged as trustee of his creditor.

Where, after separate verdicts upon different counts at the trial of an action in the Superior Court, no motion was made raising any question as to inconsistency in the verdicts and no exception was saved with respect thereto, it was too late to raise that question for the first time in this court upon exceptions relating to another matter.

The question, whether an action by trustee process is properly brought in a district court in a county in which neither the plaintiff nor the defendant lives or has a usual place of business, is one of venue and not of jurisdiction; and, by filing a general appearance in such district court, the defendant waives a right to contend that a wrong venue was chosen.

It appearing that, in the writ in the action above described in the District Court, the trustee was alleged to dwell in the district wherein the District Court had jurisdiction and that, after the general appearance by the defendant in the District Court, the action was removed to the Superior Court, it *seems,* that by reason of such removal the action should be treated as "originally entered" in the Superior Court, and that therefore the venue was proper under G. L. (Ter. Ed.) c. 246, § 2.

CONTRACT. Writ in trustee process in the First District Court of Southern Middlesex dated May 3, 1932.

The plaintiff was described in the writ as a corporation "having a usual place of business in Worcester in the county of Worcester," the defendant as "of Auburn in the county of Worcester," and the trustee as "of Framingham, Middlesex County."

The action was removed to the Superior Court.

Facts relating to the trustee are stated in the opinion. The trustee was charged by order of *Walsh*, J. A bill of exceptions of the defendant was allowed which related solely to, and stated only an exception to, "the allowance of the motion to charge the trustee."

*M. Mooney*, for the defendant.

*J. E. Luby*, for the plaintiff.

RUGG, C.J. This is an action of contract by a corporation having its usual place of business in Worcester County against a resident of the same county as defendant, brought in a district court in Middlesex County within the jurisdiction of which resides the alleged trustee. The case was removed to the Superior Court. The trustee answered that he was holding at the time of the service of the trustee writ upon him money belonging to the defendant but prior thereto had drawn checks for that amount payable to the defendant or order which had not been presented for payment and that he thereupon stopped payment on those checks and he prayed judgment as to his duty to the end that he might be protected in making payment to the party entitled thereto. The plaintiff filed a motion that the trustee be charged on his answer. At the hearing upon this motion it appeared that the checks were negotiable and were drawn to the order of and delivered by mail to the defendant, who deposited them in his bank for collection prior to the date of the writ but that payment on them was stopped by the trustee after the service of the trustee writ upon him and before they were presented to the trustee's bank for payment. The motion to charge the trustee upon his answer was allowed, subject to ex-

ception by the defendant. This is the only exception presented on the record.

Where a debtor gives to his creditor his check drawn against funds which is accepted in settlement of his debt, the debtor, even though the check has not been presented for payment, cannot be held in an action by trustee process as trustee of his creditor. The reason is that, the check having been accepted as payment, there is nothing due from the debtor to his creditor. *Getchell* v. *Chase,* 124 Mass. 366. *Barnard* v. *Graves,* 16 Pick. 41. *First National Bank of Rochester* v. *Harris,* 108 Mass. 514. The drawer of a check retains the right to countermand its payment at any time before it is paid or is certified or is delivered to a *bona fide* holder for value. *Tremont Trust Co.* v. *Burack,* 235 Mass. 398, 401. If the checks in the case at bar had been in the hands of a *bona fide* holder for value the trustee as drawer would have been liable to such holder. *Ames* v. *Meriam,* 98 Mass. 294. It does not appear that these checks were in the hands of a *bona fide* holder for value. It follows that the trustee had a right to exercise his right to stop payment on the checks. The exercise of that right operated to nullify that which otherwise would have been payment of his debt to the defendant and related back to the time when the checks were mailed to the defendant. The trustee therefore was rightly charged.

The action is in contract. There were two counts in the declaration, the first on a promissory note, the second on an account annexed. They are not averred to be for the same cause of action. A verdict was returned for the plaintiff on the first count and for the defendant on the second count. The defendant contends that there is inconsistency between the verdicts. So far as appears, he is urging that point now for the first time. No motion was made concerning the point in the Superior Court and no exception is before us respecting it. It is too late to raise the point now. *Low Supply Co.* v. *Pappacostopoulous,* 283 Mass. 633, 635. In any event the point is utterly without merit. *Mackintosh* v. *Chambers,* 285 Mass. 594.

There is nothing to the contention that the court was

without jurisdiction to decide the case.  The subject matter of the action was within the jurisdiction of the District Court.  G. L. (Ter. Ed.) c. 218, § 19.  According to the copies of papers furnished us, the defendant on May 25, 1932, entered a general appearance in the District Court, and by his counsel filed in that court affidavit that there was an issue of fact requiring trial in the case and that such trial was in good faith intended.  The case was accordingly at his instance, removed to the Superior Court.  G. L. (Ter. Ed.) c. 231, § 104.  It was not until June 15, 1932, that he filed in the Superior Court a motion to dismiss the action because it could not be brought in Middlesex County since both plaintiff and defendant resided in Worcester County.  See G. L. (Ter. Ed.) c. 223, § 2.  At most this was a defect of venue and not of jurisdiction.  Such defect may be waived.  By filing a general appearance in the District Court and by taking the necessary steps to remove the case to the Superior Court the defendant submitted himself to the jurisdiction of the court and waived whatever objection might have been raised otherwise.  This point is covered in principle by *Henry* v. *Sweeney*, 216 Mass. 112, and *Paige* v. *Sinclair*, 237 Mass. 482.  Seemingly the point is also foreclosed by removal alone from the District Court to the Superior Court, a court of general jurisdiction, where the case is required to proceed as if "originally entered there."  *Thayer* v. *Shorey*, 287 Mass. 76, 80.  Manifestly the case might have been originally brought in the Superior Court in Middlesex County.  *Lucas* v. *Nichols*, 5 Gray, 309.  *Wright* v. *Graustein*, 229 Mass. 68, 71.  G. L. (Ter. Ed.) c. 246, § 2.

*Exceptions overruled.*