IN THE MATTER OF THE WILL OF MARTHA WARREN WINBORNE, DECEASED.

(Filed 1 March, 1950.)

**1. Wills § 17—**

A check deposited with the clerk to be held in lieu of bond is insufficient to meet the requirements of G.S. 31-33.

**2. Bills and Notes § 10—**

A check is a bill of exchange drawn on a bank and does not operate as an assignment of any part of the funds to the credit of the drawer until the check is presented to and accepted by the bank, and the drawer at any time prior to acceptance is at liberty to stop payment and to withdraw his funds from the bank. G.S. 25-192, G.S. 25-197.

**3. Wills § 17—**

Compliance with G.S. 31-33 in respect to bond for costs is prerequisite to the institution of a caveat proceeding, and the mere filing of the caveat without compliance with the statute constitutes no valid attack upon the will and is insufficient to authorize the clerk to issue the required citations to bring interested parties into court.

**4. Wills § 16—**

The probate of a will in common form is conclusive and may be vacated or annulled only by direct proceeding in the manner provided by statute.

**5. Wills § 17—**

The statute permitting caveats is in derogation of the common law and must be strictly construed.

**6. Same—**

The requirement that caveat proceedings be instituted within seven years from the probate of the will in common form is a condition attached to the right to file caveat and may not be waived by the parties.

**7. Same—**

Where caveat is filed without compliance with G.S. 31-33 relating to bond, there is no valid caveat, and after the expiration of seven years the right to file caveat ceases to exist and may not be revived by the giving of a cash bond under an extension of time granted by the court after the expiration of the seven year period.

WINBORNE, J., took no part in the consideration or decision of this case.

APPEAL by propounders from *Nimocks, J.,* November Term, 1949, CHOWAN. Reversed.

Caveat proceeding heard on motion to dismiss.

Martha Warren Winborne died testate 19 January 1942. On 19 June 1942 the executors named therein tendered her will for probate, and it was duly admitted to probate in common form.

On 13 June 1949, Richard Winborne and wife appeared and filed a caveat to said will. At the same time, Richard Winborne deposited with the clerk his check in the sum of $200, drawn on the Farmers Bank of Nansemond of Suffolk, Va. There is written on the face of the check the following: "Bond for cost Re: WILL M. W. WINBORNE." Thereupon, the clerk issued citations to the devisees, legatees, and other interested parties and transferred the cause to the civil issue docket.

At the November Term, 1949, of the Superior Court of said county, the propounders, after due notice to the caveators, appeared and moved the court to (1) rescind the orders directing the service of citations, (2) vacate the order transferring the cause to the civil issue docket, and (3) strike the purported caveat for that the caveators have not complied with the provisions of G.S. 31-33 as amended respecting security for costs.

Counsel for caveators accepted service of the notice of said motion 29 November 1949, and the caveators, on that date, deposited with the clerk $200 in cash in lieu of bond. The clerk retained the check theretofore deposited with him.

The motion to dismiss was filed after propounders had answered and after one term of the Superior Court had expired subsequent to the filing of the caveat.

The court below, after hearing the motion, found the facts, adjudged that caveators have complied with the provisions of G.S. 31-33, denied the motion and ordered that, if need be, the time for filing bond be enlarged so as to include the day upon which the $200 in cash was deposited with the clerk.

The propounders excepted and appealed.

*J. A. Pritchett and J. N. Pruden for caveator appellees.*
*J. C. B. Ehringhaus, Jr., for propounder appellants.*

BARNHILL, J. The caveators insist that the check deposited by them comes within the phrase "or otherwise secure such costs" as used in the statute. This contention is not tenable. The phrase is but a part of a clause which gives it an entirely different meaning—"When a caveator shall have given bond . . . or . . . deposited money or given a mortgage

in lieu of such bond, or shall have filed affidavits and *satisfied the clerk of his inability to give such bond or otherwise secure* such costs . . ." The statute is clear. The caveator must give a bond or deposit cash or give a mortgage in lieu of bond. If he is unable to do any one of these three things, he must then file affidavits to that effect and also otherwise satisfy the clerk of his inability so to do.

A check deposited with the clerk is not a bond, and it does not constitute cash deposited in lieu of bond within the meaning of the statute. *Insurance Co. v. Stadiem,* 223 N.C. 49, 25 S.E. 2d 202.

A check is nothing more than a bill of exchange drawn on a bank, G.S. 25-192, and it does not operate as an assignment of any part of the funds to the credit of a drawer with the bank until it is presented to and accepted by the bank on which it is drawn. G.S. 25-197. The drawer is at all times, prior to acceptance by the bank, at liberty to stop payment or to withdraw his funds from the bank. Thus the check secures no one.

Here the drawer is a nonresident and the drawee bank is located in another State. The caveators, if they wish, could stop payment even after adverse verdict, return to their home State and leave the propounders without recourse. Furthermore, there is no evidence in the record tending to show that the drawer had funds in the bank sufficient to pay the check upon presentation. Nor is there evidence that the failure to present the check was due to the negligence of the clerk. Instead, the circumstances tend to show that the check was to be held in lieu of bond.

Contest of a will after probate in common form is an independent proceeding. The right does not exist independently of statutory authority. Hence it must be exercised only in accord with, and within the limitations prescribed by, the statute. *Glos v. Glos,* 173 N.E. 604, 72 A.L.R. 1328; *Re Meredith,* 266 N.W. 351, 104 A.L.R. 348.

No caveat is properly constituted until the statutory requirements are met. The mere filing of a caveat without complying with the provisions of G.S. 31-33 in respect to bond for costs is ineffectual. It constitutes no valid attack upon the will and is not sufficient to authorize the clerk to issue the required citations to bring interested parties into court. *In re Dupree's Will,* 163 N.C. 256, 79 S.E. 611.

So then, at the time the propounders moved to dismiss there was no valid caveat of record raising issues of fact in respect to the validity of the will. Did the deposit of $200 in cash in lieu of bond on 29 November 1949—five months and ten days after the seven-year period within which a caveat is permissible—cure the defect and validate the caveat?

We have frequently held that a judge has the discretionary power to allow the filing of a prosecution bond after the issuance and service of a summons. We may concede, without deciding, that ordinarily he has the same discretion in respect to the bond for costs required in a caveat

proceeding. In this connection, however, it is not amiss to note that the wording of the two statutes is not identical.

A civil action is commenced by the issuing of a summons, G.S. 1-88, and jurisdiction is acquired from the time of service thereof, G.S. 1-101; but before issuing a summons the clerk shall require the plaintiff to give a bond for costs or make a deposit in cash in lieu of bond or file written authorization to sue as a pauper. G.S. 1-109. In a caveat proceeding the clerk is authorized to act by issuing citations and transferring the cause to the civil issue docket only "when a caveator shall have given bond" or otherwise complied with the statute in respect thereto. G.S. 31-33, as amended by c. 781, Session Laws, 1947.

"The clerk cannot act until the bond is filed, or the cash deposited, or the mortgage is given, or the affidavits of inability to give security are filed . . ." Douglas, Administration of Estates in North Carolina, sec. 56. While this does not mean necessarily that the statute in respect to bonds shall be complied with at the time the caveat petition is filed, it does mean there must be compliance before the clerk acts by issuing citations and transferring the case to the civil issue docket.

Be that as it may, a different question is presented here. Conceding the general discretionary authority of the judge in such matters, may he permit compliance with the statute after the right to caveat has expired and thus give life and vitality to a dead cause? This is a question of first impression in this State. Counsel have not called our attention to any decision in point from any other jurisdiction and we have found none. Considering the question in the light of the history of the statute and the purpose underlying its enactment, we are constrained to answer in the negative.

The right to dispose of property by will at death is of ancient origin and is a favorite of the law. Once probated, a will is conclusive. It may not be collaterally attacked, and it is not to be lightly set at nought. Indeed, it may be vacated or annulled only in the manner provided by statute. *Edwards v. White*, 180 N.C. 55, 103 S.E. 901.

As the statute permitting caveats is in derogation of the common law, it must be strictly construed. *Damon v. McQuillin*, 152 S.W. 340, Ann. Cas. 1914B 526; *Braeuel v. Reuther*, 193 S.W. 283, Ann. Cas. 1918B 533; *McArthur v. Scott*, 113 U.S. 340, 28 L. Ed. 1015; 57 A.J. 520.

In enacting the statute as it now exists, the Legislature intended to circumscribe the right rather than limit the remedy. Any person interested in the estate of a decedent may, at the time of the application for probate of decedent's will in common form "or at any time within seven years thereafter," file a caveat. G.S. 31-32. This constitutes a statutory grant of a right. The time provision is more than a mere limitation which may be waived by the parties. It is a condition attached to the

right. Hence, upon the expiration of the seven-year period specified in the Act, the right ceases to exist.

The condition precedent to the filing of a caveat, *i.e.*, giving bond or complying with the statute in respect to costs, is similar to the provision in the wrongful death statute, G.S. 28-173, requiring suit to be brought within one year after death. Decisions under that statute are in point. *Curlee v. Power Co.*, 205 N.C. 644, 172 S.E. 329; *Webb v. Eggleston*, 228 N.C. 574, 46 S.E. 2d 700; *Lewis v. Highway & Public Works Comm.*, 228 N.C. 618, 46 S.E. 2d 705; *Wilson v. Chastain*, 230 N.C. 390.

When the caveators made the deposit of $200, there was no valid caveat of record. The deposit could give it life, if at all, only as of the day of deposit. At that time the right to caveat had expired and superior rights had intervened. Neither the caveators nor the court could revive it. Hence the judgment below must be

Reversed.

WINBORNE, J., took no part in the consideration and decision of this case.