FIRST-CITIZENS BANK & TRUST COMPANY, INC. OF DUNN v. LOUIS E. RAYNOR AND UNITED CO-OPERATIVE CREDIT UNION.

(Filed 13 January, 1956)

**1. Bills and Notes §§ 15, 18—**

> In order to constitute the holder of a negotiable instrument payable to order a holder in due course, it is necessary that the instrument be endorsed by the payee or transferrer. G.S. 25-35.

**2. Same—**

> Where a bank accepts a cheque indorsed only for deposit to the credit of the payee, the bank's stamp "absence of endorsement guaranteed" cannot change the positive law requiring that a negotiable instrument payable to order must be indorsed to constitute the transferee a holder in due course.

**3. Banks and Banking § 8b: Bills and Notes § 17—**

> Where the card signed by a depositor and the deposit slip of a bank both stipulate that the bank acts only as depositor's collecting agent in regard to cheques deposited, and that all items are credited subject to final payment in cash or solvent credits, the bank is a collecting agent only, and title to such cheques does not pass to the bank.

**4. Bills and Notes § 23½—**

> The drawer and the payee of a cheque both have a lawful right to stop payment thereon at any time before the instrument is paid or certified or is delivered to a *bona fide* holder for value.

14—243

**5. Banks and Banking § 8b—**

> Where a bank receives commercial paper as a collecting agent, but permits the holder to draw thereon before collection, the relationship between the parties is not changed, but the depositor continues to be the owner of the paper.

**6. Banks and Banking §§ 7f, 8a: Bills and Notes §§ 17, 23½—**

> A husband and wife maintained a joint checking account. A cheque payable to his order was issued to the husband and mailed to him. The wife procured the cheque, indorsed it "for deposit to the account of the within named payee," deposited it in the joint account, and then drew her cheque for the same amount and received payment from the bank. The drawer of the cheque, at the husband's request, stopped payment thereon. *Held:* The bank was not a holder of the cheque in due course and is not entitled to recover thereon against the drawer or payee.

HIGGINS, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Morris, J.,* February Term 1955 of HARNETT. Civil action to recover $800.00, with interest.

The plaintiff's evidence tends to show the following facts: On 28 February 1953 the defendant Louis E. Raynor, and wife, who is not a party, opened a joint checking account, payable to either or survivor, in the plaintiff's bank at Dunn. The initial deposit was $75.00. At the same time each one signed a card for the plaintiff in respect to this account, the pertinent part of which reads: "To First-Citizens Bank & Trust Company. You are hereby authorized to recognize the signature below in the payment of funds and the transaction of other business in connection with my account. . . . It is hereby stipulated and agreed that any and all items deposited by the person, . . . whose signature appears below are received by this bank for deposit or collection and in doing this Bank acts only as depositor's collecting agent and assumes no responsibility beyond the exercise of due care. All items are credited subject to final payment in cash or solvent credits." The ledger sheets of the plaintiff show that this account was carried in the names of Mr. or Mrs. Louis E. Raynor. Each one of them made individual deposits in this account, and each one drew cheques upon it.

Louis E. Raynor had funds on deposit with his codefendant United Co-operative Credit Union. On 18 February 1954 this credit union mailed to Louis E. Raynor its cheque, drawn on the Security National Bank of Raleigh, in the sum of $800.00, and payable to the order of Louis E. Raynor. Mrs. Louis E. Raynor received this cheque. On 20 February 1954, she deposited this cheque to their joint checking account. The plaintiff credited the cheque to their account, and gave her a deposit slip, having printed on its face these words: "In receiving items for deposit or collection, this bank acts only as depositor's col-

lecting agent and assumes no responsibility beyond the exercise of due care. All items are credited subject to final payment in cash or solvent credits." This cheque was not indorsed by Louis E. Raynor. On the back of the cheque Mrs. Louis E. Raynor had written, "for deposit to the account of the within named payee," though she did not sign her name.

When this $800.00 deposit was made, the account showed a balance of $17.35. When Mrs. Raynor had made this deposit, she then and there drew a cheque for $800.00 on their joint account, which the bank paid.

Louis E. Raynor requested the United Co-operative Credit Union to stop payment on this $800.00 cheque, which it did. The Security National Bank returned the cheque to plaintiff with the notation, "Payment Stopped," and the plaintiff received it on 27 February 1954. On the same date plaintiff wrote the Credit Union that it had guaranteed the indorsement (though in fact the cheque was not indorsed), and requesting that it permit payment of the cheque. On 4 March 1954, the defendant Credit Union replied to the letter saying that the cheque was issued to Louis E. Raynor, that he apparently never saw it, that he did not indorse it or receive any of the funds, that he had requested it to stop payment on the cheque, and that it did not feel the stop payment should be lifted.

From judgment of nonsuit entered at the close of plaintiff's case, it appeals, assigning error.

*Young & Taylor for Plaintiff, Appellant.*

*Burgess & Baker for United Co-operative Credit Union, Defendant Appellee.*

*No Counsel for Louis E. Raynor.*

PARKER, J. The $800.00 cheque was the property of the defendant Louis E. Raynor. It was made payable to his order. He did not indorse it. There is no evidence that he ever authorized anyone to indorse it for him. There is no evidence that he knew his wife had procured this cheque, and had deposited it in plaintiff's bank, until after the plaintiff had cashed her $800.00 cheque.

G.S. 25-35 reads: "An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof. . . . if payable to order, it is negotiated by the indorsement of the holder, and completed by delivery."

This Court said in *Mayers v. McRimmon*, 140 N.C. 640, 53 S.E. 447: ". . . to constitute a holder in due course of a negotiable instrument payable to order, it is always required that the same should be endorsed:

Other requirements may, under given conditions, be dispensed with, but endorsement of such an instrument is essential."

The plaintiff stamped on the back of this cheque, "absence of endorsement guaranteed." Such a stamping cannot change the positive law of this State requiring that a negotiable instrument payable to order must be indorsed by the holder to constitute the transferee a holder in due course. The plaintiff is not a holder in due course of this $800.00 cheque.

Printed on the card that Louis E. Raynor, and his wife, signed, when they opened a joint checking account with plaintiff are the words, "it is hereby stipulated and agreed that any and all items deposited by the person. . . . whose signature appears below are received by this Bank for deposit or collection and in so doing this Bank acts only as depositor's collecting agent, . . . All items are credited subject to final payment in cash or solvent credits." Printed on the face of the deposit slip for the $800.00 cheque issued by plaintiff appear similar words.

The Courts are practically unanimous in holding that title to a cheque or other commercial paper that is deposited for the special purpose of collection does not pass to the bank. *Boykin v. Bank of Fayetteville,* 118 N.C. 566, 24 S.E. 357; *Bank v. Bank,* 119 N.C. 307, 25 S.E. 971; Annotations: 11 A.L.R. 1046, 42 A.L.R. 494, 68 A.L.R. 727, 99 A.L.R. 488; 7 Am. Jur., Banks, Sec. 448.

It is said in 7 Am. Jur., Banks, Sec. 449: "Even the fact that a bank receiving commercial paper for collection permits the holder to draw the amount of it before the collection is made does not of necessity change the relationship of the parties to the transaction or prevent the collecting bank, upon dishonor of the paper, from charging it back to the customer. The bank may, as a matter of favor and convenience, permit checks to be drawn against such paper before payment, since the depositor, in the event of nonpayment, is responsible for the sums drawn, not by reason of his indorsement, the paper not having ceased to be his property, but for money paid." See also: Anno 11 A.L.R. 1050.

In *Textile Corp. v. Hood, Comr. of Banks,* 206 N.C. 782, 175 S.E. 151, the deposit slips contained words identical with the words on the deposit slip for the $800.00 cheque here, so far as it is pertinent to the question here. The bank in the *Textile Corp. case* had allowed the depositor to check against uncollected items, but the depositor was solvent, and the bank had always charged returned cheques to the depositor's account. In respect to cheques deposited in the bank by the Textile Corp., and for which on every deposit it received such a deposit slip, the Court said: "We think they" (the cheques) "were held by the bank as agent for the plaintiff. We think under all the facts and circumstances of this

case, that the bank by express contract was an agent for collection, the contract in clear language so states."

In *Worth Co. v. Feed Co.*, 172 N.C. 335, 342, 90 S.E. 295, the Court said: "The rule prevails with us, and it is supported by the weight of authority elsewhere, that if a bank discounts a paper and places the amount, less the discount, to the credit of the indorser, with the right to check on it, and reserves the right to charge back the amount if the paper is not paid, by express agreement or one implied from the course of dealing, and not by reason of liability on the indorsement, the bank is an agent for collection and not a purchaser."

The evidence in this case is susceptible of only one construction, interpretation or conclusion as a matter of law, and that is that the plaintiff received the $800.00 cheque as an agent for collection, and not as a purchaser. *Denton v. Milling Co.*, 205 N.C. 77, 170 S.E. 107.

In *Universal Supply Co. v. Hildreth*, 287 Mass. 538, 192 N.E. 23, 94 A.L.R. 1389, the Court said: "The drawer of a check retains the right to countermand its payment at any time before it is paid or is certified or is delivered to a *bona fide* holder for value." See also: *In re Will of Winborne*, 231 N.C. 463, 57 S.E. 2d 795; 9 C.J.S., Banks and Banking, Sec. 344.

The plaintiff is not a *bona fide* holder for value of the $800.00 cheque. It received it from Louis E. Raynor's wife, without his indorsement, and without his knowledge or consent, and as an agent for collection. The United Co-operative Credit Union had a lawful right to stop payment on this cheque at the request of Louis E. Raynor, without incurring any liability to plaintiff. Louis E. Raynor had a similar right.

Louis E. Raynor has received none of the plaintiff's money by reason of this $800.00 transaction. The plaintiff was not his agent in attempting to collect the cheque. The plaintiff was acting as agent for Mrs. Louis E. Raynor, who had no authority to deposit this cheque. She is the person who has received $800.00 of the plaintiff's money in a transaction about which Louis E. Raynor had no knowledge, and in which he did not participate in any way, and she is the one who is alone responsible to plaintiff for its money paid to her.

The judgment of nonsuit below is
Affirmed.

HIGGINS, J., took no part in the consideration or decision of this case.