STATE v. MARION LEE IVEY.

(Filed 30 April, 1958.)

**Bills and Notes § 19—**

The signing of a blank check form does not constitute the instrument a check, and where, in a prosecution under G.S. 14-107, defendant testifies that he signed a blank check, that he did not authorize anyone to fill it out in any amount, and that he did not know by whom or when it was filled out, an instruction to the effect that it was immaterial whether there was any writing on the check other than the signature at the time of delivery, must be held for prejudicial error as depriving defendant of the defense that what he signed was not a check.

APPEAL by defendant from *Sink, E. J.,* November Term 1957 of HARNETT.

Criminal prosecution upon a warrant charging the defendant with drawing, making, uttering, issuing and delivering to Coats Grocery a worthless check, in violation of G.S. 14-107.

Plea: Not Guilty.    Verdict: Guilty in the manner and form charged in the warrant.

From the judgment pronounced against him defendant appeals.

*George B. Patton, Attorney General, and T. W. Bruton, Assistant Attorney General, for the State.*
*Young Taylor & Lamm for defendant, appellant.*

PARKER, J.    The State's evidence tends to show these facts: Defendant was in the store known as Coats Grocery, and told Joseph S. Coats to fill out a check for what he owed him, and he would sign it. Joseph S. Coats filled out a blank check so that it read:

"No.. .. .......................

Dunn, N. C.    June 27, 1956.
THE COMMERCIAL BANK
Pay to the Order of Coats Grocery - - - - $1399.00
Thirteen Hundred Ninety-Nine and no/100 Dollars."

When the check was filled out, the defendant signed it, and gave it back to Coats. Upon presentation at the bank, the check was not paid, for the reason that the defendant on 27 June 1956, and thereafter, had neither sufficient funds on deposit in or credit with the bank to pay the check upon presentation.

The defendant's evidence tends to show these facts: When he signed the blank check there was nothing written on it except his name. He does not know who filled out the amount payable on the check, or when it was filled out. He did not authorize anyone to fill the check out in the amount of $1,399.00, or any other amount.

The defendant assigns as error this part of the charge: "Gentlemen, that it is immaterial if he signed it, whether there was any writing on it or not, if he signed a blank check and gave it to the Coats Grocery for the payment of a debt or for the payment of money for any purchase whatsoever, knowing at the time that he did not have money in there to meet that check and you so find beyond a reasonable doubt, that he would nevertheless be guilty."

The offense condemned by G.S. 14-107 is "the giving of a worthless check and its consequent disturbance of business integrity." *S v. White,* 230 N.C. 513, 53 S.E. 2d 436.

G.S. 25-192 defines a check as "a bill of exchange drawn on a bank payable on demand."

G.S. 25-133 defines a bill of exchange as "an unconditional order in writing, addressed by one person to another, signed by the person giving it, requiring the person to whom it is addressed to pay on demand or at a fixed or determinable future time a sum certain in money to order or to bearer."

"A check is a bill of exchange, and may more particularly be defined as a written order on a bank or banker, purporting to be drawn against a deposit of funds, for the payment, at all events, of a sum of money to a certain person therein named, or to him or his order, or to bearer, and payable on demand." *Trust Co. v. Bank,* 166 N.C. 112, 81 S.E. 1074.

In *People v. Nichols,* 391 Ill. 565, 63 N.E. 2d 759, the defendant pleaded guilty to a bill of indictment charging him with forgery of a check, which instrument the indictment set out in *haec verba:*

"No........ ............

Second National Bank of Monmouth, Ill.
70-625

Monmouth, Ill., Oct. 1, 1940

Pay to the
Order of ....................................... . .   ..  .. ... ........$3.93/100
Three and 93/100 ... .............................................. . .... Dollars
For.......... .....................                              J. B. Clark
      7
Member
Federal Reserve
   System."

The Court said: "A check is defined as a draft or an order upon a bank purporting to be drawn upon a deposit of funds, for the payment of a certain sum of money to a certain person named therein, or to his order or to bearer. *Economy Fuse & Mfg. Co. v. Standard Electric Mfg. Co.,* 359 Ill. 504, 194 N.E. 922. An instrument is not a check if it does not appear from the face of the paper to whom it is payable. *Equitable Trust Co. v. Harger,* 258 Ill. 615, 102 N.E. 209; *Geske v. State Bank of Heyworth,* 273 Ill. App. 294. . . . Since an accusation charging a crime is the foundation of the proceeding in a criminal case, without which no conviction can be sustained, the court will not, when the insufficiency of the charge is brought to its attention before final judgment, affirm the conviction. *People v. Wallace,* 316 Ill. 120, 146 N.E. 486. . . . The indictment being wholly insufficient to sustain the conviction, the judgment and sentence based thereon are erroneous, and cannot be sustained. The judgment of the circuit court of Mercer County is reversed."

According to the defendant's testimony, the instrument he signed did not contain a promise or order to pay any sum in any amount, nor did it state to whom it was payable. He did not authorize anyone to fill it out in any amount. He did not know by whom or when it was filled out. If his evidence is accepted as true by the jury, what he signed was not a check, and he is not guilty of the offense charged against him in the warrant.

The charge of the court assigned as error, to the effect, that if defendant signed an instrument, it is immaterial whether there was any writing on it or not, and if he delivered it to Coats Grocery knowing at the time that he did not have money in the bank to meet it, and the jury so find beyond a reasonable doubt, defendant would be guilty, is erroneous as a matter of law, destroyed the defendant's defense that what he signed was not a check, and entitles him to a

New Trial.