DIEMAR & KIRK COMPANY v. SMART STYLES, INC.

(Filed 17 January 1964)

**1. Bills and Notes § 1—**

A check is a bill of exchange drawn on a bank and payable on demand, G.S. 25-192, and is an acknowledgment of indebtedness and an unconditional promise to pay if the drawee refuses payment on presentment.

**2. Bills and Notes § 4—**

A negotiable instrument is deemed *prima facie* to be supported by a valuable consideration and want of consideration is an affirmative defense which must be pleaded.

**3. Bills and Notes § 17—**

Where defendant admits the issuance of checks in stipulated amounts to plaintiff in payments on account, and that one check was returned for insufficient funds and the other returned after defendant had stopped pay-

ment, and defendant does not plead want of consideration, plaintiff is entitled to judgment on the pleadings, and the court correctly excludes evidence of want of consideration.

### 4. Bills and Notes § 10—

The drawer of a check has the right prior to acceptance by the bank to stop payment, but his revocation of the bank's authority to pay the check does not discharge his liability to the payee or holder.

### 5. Pleadings §§ 29, 30—

Allegations of the complaint admitted in the answer are not in issue, and when the answer admits all facts essential to plaintiff's cause of action and fails to set up any defense or new matter sufficient in law to avoid plaintiff's claim, judgment on the pleadings is proper.

APPEAL by defendant from judgment entered against it on the pleadings by *Walker, J.*, May 1963 Session of RANDOLPH.

The plaintiff, alleging that it is a Georgia corporation and the exclusive sales representative of the defendant manufacturer in fourteen states, including North Carolina, instituted this action to recover sales commissions allegedly due under defendant's agreement to pay plaintiff five percent of the gross price of all its merchandise sold by plaintiff. Only the following portions of the complaint are pertinent to this appeal:

"5. On or about March 20, 1961, the defendant tendered to the plaintiff, as payee, a check signed by its authorized representative, drawn on the First National Bank of Asheboro, North Carolina, in the amount of Nine Hundred Sixty-Six and 20/100 Dollars ($966.20), which amount represented payment on account to plaintiff under the aforementioned Sales Agreement. Subsequently, on March 27, 1961, payment on said check was refused, and the said check was returned to the plaintiff with a memorandum indicating that there were insufficient funds available to pay the said check in the aforesaid amount."

"6. On or about April 15, 1961, the defendant tendered to the plaintiff, as payee, a check, signed by its duly authorized representative, drawn on the First National Bank of Asheboro, North Carolina, in the amount of Eight Hundred and Twenty and No/100 Dollars ($820.00), which amount represented payment, on account, to the plaintiff under the aforesaid Sales Agreement. Subsequently, on April 24, 1961, payment was refused on the said check, and the said check was returned to the plaintiff accompanied by a memorandum noting that payment on said check had been stopped by the defendant."

KIRK CO. *v.* STYLES, INC.

"9. The defendant is justly indebted to the plaintiff in the amount of $1,934.84, comprised of the following: the check representing commissions, dated March 24, 1961, in the amount of $966.20, which was unpaid and returned due to insufficient funds; the check representing commissions, dated April 15, 1961, in the amount of $820.00, payment on which was stopped; . . . ."

In its answer defendant denied that plaintiff was a corporation organized under the laws of Georgia. It admitted, however, that plaintiff was engaged in the business of representing manufacturers and that it had agreed to pay plaintiff a five-percent commission on the gross sales price of all merchandise which it sold for defendant. The defendant answered paragraphs 5, 6, and 9 of the complaint as follows:

"5. The allegations contained in paragraph 5 of plaintiff's complaint are not denied.

"6. The allegations contained in paragraph 6 of plaintiff's complaint are not denied.

"9. The allegations contained in paragraph 9 of plaintiff's complaint are denied."

Defendant's prayer for relief is that the plaintiff should be taxed with the cost and recover nothing.

The trial judge ruled that the only issue raised by the pleadings was whether plaintiff was a corporation as alleged in the complaint. Plaintiff offered in evidence its certificate of incorporation duly certified by the Secretary of State of Georgia, paragraphs 5 and 6 of the complaint and answer, and the checks referred to therein. It then rested its case. The president of the defendant corporation was sworn as a witness for defendant and, if permitted by the court, would have testified that according to defendant's records it owed plaintiff nothing; that merchandise in the amount of $1,414.43, sold by the plaintiff had been returned to the defendant and those accounts were unpaid. This evidence was excluded upon plaintiff's objection.

The defendant tendered an issue of indebtedness which the judge declined to submit. The jury answered the issue with reference to plaintiff's incorporation in favor of the plaintiff. His Honor entered judgment for the plaintiff on the pleadings in the amount of $1,786.20 and the defendant appealed.

*Miller and Beck for plaintiff appellee.*
*Ottway Burton for defendant appellant.*

SHARP, J.   The complaint alleges, and the answer admits, these facts: Defendant executed and delivered to the plaintiff the two checks upon which this suit is brought as payment on account. Both checks were duly presented to the drawee bank for payment. Both were returned unpaid—one because defendant had insufficient funds on deposit with which to pay it, and the other because defendant had stopped payment on it. Defendant's appeal raises this question: Do these specific admissions, followed only by a general denial in the answer that the defendant is indebted to the plaintiff, entitle plaintiff to a judgment on the pleadings for the amount of the two checks?

A check is an instrument by which a depositor seeks to withdraw funds from a bank. It is a bill of exchange drawn on a bank and payable upon demand. G.S. 25-192; *State v. Ivey,* 248 N.C. 316, 103 S.E. 2d 398. Ordinarily a check is given for a debt contracted or money borrowed and, in a commercial transaction as well as in law, it is equivalent to the drawer's promise to pay the payee or holder. An action may be brought on it as upon a promissory note payable on demand. *Camas Prairie State Bank v. Newman,* 15 Idaho 719, 99 Pac. 833, 21 L.R.A. (N.S.) 703, 128 Am. St. Rep. 81, 88; 11 Am. Jur. 2d, *Bills and Notes* § 591. As a practical matter, in business transactions, there is little difference between a check and a demand note. Both are acknowledgments of indebtedness and an unconditional promise to pay. *Smith v. Treuthart,* 223 N.Y.S. 481; 11 Am. Jur. 2d, *Bills and Notes* § 591; *Deal v. Atlantic Coast Line R. Co.,* 225 Ala. 533, 144 So. 81, 86 A.L.R. 455.

A check is a contract within itself. By the act of drawing and delivering it to the payee, the drawer commits himself to pay the amount of the check in the event the drawee refuses payment upon presentment. *Deal v. Atlantic Coast Line R. Co., supra; Permenter v. Bank of Green Cove Springs, Fla.,* 136 So. 2d 377; *Williams v. Lowe,* 62 Ind. App. 357, 113 N.E. 471. A negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration and not as a gift unless the circumstances indicate otherwise. G.S. 25-29; *Francis' Executor v. Francis, Ky.,* 280 S.W. 2d 192.

The drawer of a check has the right, at any time prior to acceptance by the bank, to stop its payment. *In re Will of Winborne,* 231 N.C. 463, 57 S.E. 2d 795; *Trust Co. v. Raynor,* 243 N.C. 417, 90 S.E. 2d 894. However, his revocation of the bank's authority to pay the check does not discharge his liability to the payee or holder. 10 C.J.S., *Bills and Notes* § 35. The situation becomes the same as if the check had been dishonored and notice thereof given to the drawer. *Flynn v. Currie,* 130 Me. 461, 157 A. 310; Annot., 14 A.L.R. 562.

The execution, delivery, presentment and nonpayment of the two checks in suit were not issuable facts. They were alleged in the complaint and admitted by the answer. *Hutchins v. Davis*, 230 N.C. 67, 52 S.E. 2d 210. The checks were deemed *prima facie* to have been issued for a valuable consideration—and, in addition, the answer admitted that they represented payment on account.

Failure of consideration was a defense available to the defendant if he desired to plead it. G.S. 25-33; *Mills v. Bonin*, 239 N.C. 498, 80 S.E. 2d 365. However, this is an affirmative defense and therefore must be specifically pleaded by setting out the applicable facts. *Godwin v. Cooper*, 227 N.C. 700, 41 S.E. 2d 734. Failure of consideration may not be shown under a general denial of indebtedness. 1 McIntosh, N. C. Practice and Procedure, § 1236(9); 11 C.J.S., *Bills and Notes* § 649(b).

Where new matter constituting a defense to a negotiable instrument is properly alleged in the answer, the plaintiff is not entitled to a judgment on the pleadings even though the answer admits the execution and nonpayment of the instrument. *Carroll v. Brown*, 228 N.C. 636, 46 S.E. 2d 715; *Stelling v. Trust Co.*, 213 N.C. 324, 197 S.E. 754. However, "(a)n answer is fatally deficient in substance and subject to a motion by the plaintiff for judgment on the pleadings, if it admits every material averment in the complaint and fails to set up any defense or new matter sufficient in law to avoid or defeat the plaintiff's claim." *Erickson v. Starling*, 235 N.C. 643, 71 S.E. 2d 384. Such is the situation in the instant case. It is controlled by *Godwin v. Cooper, supra.*

The judgment on the pleadings is

Affirmed.