ECONO-TRAVEL MOTOR HOTEL CORPORATION, PLAINTIFF v. JOHN M. TAYLOR, EDGAR M. HOLT AND CHARLES P. FLETCHER, T/A TAYLOR-HOLT-FLETCHER, A PARTNERSHIP AND JOHN M. TAYLOR, BARBARA B. TAYLOR, EDGAR M. HOLT, GUSTANA HOLT, CHARLES P. FLETCHER AND JUANITA U. FLETCHER, INDIVIDUALLY, DEFENDANTS AND CHARLES P. FLETCHER AND WIFE, JUANITA U. FLETCHER, THIRD PARTY PLAINTIFFS v. FOREMANS, INC. T/A ALL-STATE BUILDING SUPPLY AND CLAY B. FOREMAN, JR., THIRD PARTY DEFENDANTS

No. 20

(Filed 7 October 1980)

1. **Uniform Commercial Code § 30– negotiable instrument – holder**

    Where a negotiable instrument is made payable to order, one becomes a holder of the instrument when it is properly indorsed and delivered to him, and mere possession of a note payable to order does not suffice to prove ownership or holder status. G.S. 25-1-201(20); G.S. 25-3-202.

2. **Uniform Commercial Code § 30– action on note – showing that plaintiff not holder – summary judgment**

    Summary judgment was properly entered for defendant movants in an action to recover a deficiency judgment on a negotiable promissory note where defendants offered evidence that plaintiff corporation was not the holder of the note by showing that the note was not made payable to plaintiff or to bearer and was not indorsed to plaintiff and that the last indorsee and plaintiff were two separate and distinct corporate entities, and where plaintiff merely rested on its pleadings that it became the owner and holder of the note by corporate merger with the last indorsee but failed to introduce evidence to support its allegation of the existence of a merger.

    Justice BROCK did not participate in the consideration or decision of this case.

APPEAL by defendants from the decision of the Court of Appeals *(Judge Clark, Judges Parker and Martin [Robert M.]* concurring), 45 N.C. App. 229, 262 S.E. 2d 869 (1980), reversing summary judgment for defendants entered by *Judge Hal H. Walker*, at the 25 September 1978 Civil Session of PASQUOTANK Superior Court.

Plaintiff, Econo-Travel Motor Hotel Corporation, instituted this action to obtain a deficiency judgment for an amount owing on a promissory note dated May 15, 1973, in the principal amount of $375,000.00. The note was executed by the general partnership of Taylor-Holt-Fletcher, consisting of defendants

John M. Taylor, Edgar M. Holt, and defendant-appellant Charles P. Fletcher. The note was made payable to Southern Loan & Insurance Company and indorsed by the wife of each general partner, defendants Barbara B. Taylor, Gustana H. Holt, and defendant-appellant Juanita U. Fletcher. On 1 October 1973 the note was indorsed and transferred to Southern Mortgage Company, and on 14 June 1974 it was assigned to Econo-Travel Corporation. Plaintiff Econo-Travel Motor Hotel Corporation alleged in its complaint that it was the owner and holder of the note as successor to Econo-Travel Corporation by merger.

Defendant-appellants Charles P. Fletcher and Juanita U. Fletcher were the only defendants to file answer and appear in this action. In their answer they denied plaintiff's allegation that it was the owner and holder of the note sued upon. Defendant-appellants moved for summary judgment, which was granted by the trial court on 26 September 1978.

Plaintiff offered no evidence in response to defendants' summary judgment motion, choosing to rely on its pleadings and the exhibits, stipulations, and deposition testimony placed into evidence by defendants.

The evidence presented by defendant-appellants at the summary judgment hearing established the following additional facts: The partnership of Taylor-Holt-Fletcher was formed for the purpose of dealing in real estate. The promissory note sued upon represented a loan for the construction of an Econo-Travel Motor Hotel in Elizabeth City, North Carolina, which the partnership was undertaking to build pursuant to licensing agreements with Econo-Travel Corporation. The loan agreement provided the Southern Mortgage Company would make advances to defendants as needed during construction, not to exceed the $375,000.00 principal amount of the note. The loan was secured by the note and a deed of trust on the motel property.

Defendant-appellant Charles P. Fletcher withdrew from the partnership on 10 September 1973. As of that date, Southern Mortgage Company had advanced $110,000.00 to defend-

ants. On 19 September 1973, plaintiff, Charles P. Fletcher, and the remaining partners, Holt and Taylor, entered into a release agreement whereby Fletcher assigned all of his rights in the licensing agreements with plaintiff to Holt and Taylor, and Fletcher was released from all obligations under those agreements.

Upon default on the promissory note, foreclosure proceedings were instituted on 16 May 1974, and after sale, upset bid, and resale, the property represented by the deed of trust was sold for $315,050.00, of which $310,584.95 was applied to the outstanding indebtedness on the note. In its action for a deficiency judgment, plaintiff demanded $76,534.35 plus interest, representing the balance owing on the note.

The Court of Appeals reversed Judge Walker's order granting summary judgment for defendants on the ground that defendants, as the party moving for summary judgment, had failed to meet their burden of establishing that no genuine issue existed as to any material fact in the case. Defendants' petition to this Court for discretionary review pursuant to G.S. 7A-31 was allowed 6 May 1980.

*Wilson & Ellis by J. Kenyon Wilson, Jr. and M.H. Hood Ellis for defendant-appellants.*

*Walker & Romm by Wilton F. Walker; and Robert E. Brown, for plaintiff-appellee.*

COPELAND, Justice.

The sole question presented by this appeal is whether the trial court erred in granting defendant's motion for summary judgment. Summary judgment is properly granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c); *Caldwell v. Deese*, 288 N.C. 375, 218 S.E. 2d 379 (1975). The party moving for summary judgment has the burden of establishing the absence of any triable issue of fact. The

movant may satisfy this burden by "proving that an essential element of the opposing party's claim is nonexistent or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim." *Middleton v. Myers*, 299 N.C. 42, 261 S.E. 2d 108 (1980); *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E. 2d 419 (1979); *Zimmerman v. Hogg & Allen*, 286 N.C. 24, 209 S.E. 2d 795 (1974); 6 Moore's Federal Practice, §56.15[8] at 642 (2d ed. 1976). The purpose of Rule 56 is not to allow the court to decide an issue of fact, but to determine whether a genuine issue of fact exists and thereby eliminate the necessity of a formal trial where only questions of law are involved and a fatal weakness in the claim or defense of a party is exposed, *Moore v. Fieldcrest Mills, Inc., supra; Caldwell v. Deese, supra; Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971).

We hold that defendant-appellants Charles P. Fletcher and Juanita U. Fletcher satisfied their burden as movants for summary judgment when they offered into evidence a copy of the promissory note at issue, showing that the note had not been indorsed and transferred to plaintiff.

[1] G.S. 25-3-301 provides that the holder of a negotiable instrument may enforce payment in his own name. To bring suit on the instrument in his own name, the plaintiff must first establish that he is in fact a holder. The holder of an instrument is defined in G.S. 25-1-201(20) to be one who is in possession of an instrument "drawn, issued, or indorsed to him or to his order or to bearer or in blank." Where, as in this case, a negotiable instrument is made payable to order, one becomes a holder of the instrument when it is properly indorsed and delivered to him. *First Citizens Bank & Trust Co. v. Raynor*, 243 N.C. 417, 90 S.E. 2d 894 (1956). Mere possession of a note payable to order does not suffice to prove ownership or holder status. G.S. 25-3-202; *Metcalf v. Ratcliff*, 216 N.C. 216, 4 S.E. 2d 515 (1939).

[2] Defendant-appellants' evidence at the summary judgment hearing established that the $375,000.00 note had never been made payable to plaintiff or to bearer, nor had it ever been indorsed to plaintiff. The last indorsement was by Southern Mortgage Company to Econo-Travel Corporation. The record

shows that Econo-Travel Corporation and plaintiff Econo-Travel Motor Hotel Corporation are two separate and distinct corporate entities, therefore indorsement to Econo-Travel Corporation did not constitute indorsement to plaintiff. By proving the absence of indorsement to plaintiff, defendants established that plaintiff was not the owner or holder of the note, and thereby negated an essential element of plaintiff's cause of action, meeting their burden as movants for summary judgment and showing their entitlement to judgment as a matter of law.

Once a party satisfies his burden in moving for summary judgment, the party who opposes the motion must either assume the burden of showing that a genuine issue of material fact does exist or provide an excuse for not doing so. *Zimmerman v. Hogg & Allen, supra.* The opposing party must come forward with facts, not mere allegations, which controvert the facts set forth in the moving party's case. The opposing party may not rest solely upon the allegations or denials in his pleadings. G.S. 1A-1, Rule 56(e); *Moore v. Fieldcrest Mills, Inc., supra, Conner Co. v. Spanish Inns,* 294 N.C. 661, 242 S.E. 2d 785 (1978). *See also* Louis, Federal Summary Judgment Doctrine: A Critical Analysis, 83 Yale L.J. 745 (1974).

Plaintiff in this case alleged in its complaint that it became the owner and holder of the note sued upon by merger with indorsee Econo-Travel Corporation. G.S. 55-110(b) provides that in the event of a merger between corporations, the surviving corporation succeeds by operation of law to all of the rights, privileges, immunities, franchises and other property of the constituent corporations, without the necessity of a deed, bill of sale, or other form of assignment. *Good Will Distributors (Northern), Inc. v. Shaw,* 247 N.C. 157, 100 S.E. 2d 334 (1957). Therefore, if the alleged merger had occurred, then plaintiff, as the surviving corporation, would have succeeded by operation of law to Econo-Travel Corporation's status as owner and holder of the promissory note, and would have had standing to enforce the note in its own name.

However, plaintiff introduced no evidence to support its allegation of the existence of a merger, choosing instead to rest

on its pleadings, which merely contended that a merger had taken place. Since defendant-appellants had met their burden under Rule 56 as movants for summary judgment, it was incumbent upon plaintiff to come forth with evidence to controvert defendant's case, or otherwise suffer entry of summary judgment against it. It would have been a simple matter for plaintiff to present evidence of a merger in a form permitted under Rule 56(c), if a merger had in fact occurred. By resting on its pleadings, plaintiff failed to establish a genuine issue as to whether it was the owner and holder of the note, therefore defendant-appellants were entitled to entry of summary judgment in their favor as a matter of law, and the trial court was correct in so ordering.

Accordingly, the decision of the Court of Appeals is reversed and the judgment of Judge Walker granting summary judgment for defendant-appellants is reinstated.

Reversed.

Justice BROCK did not participate in the consideration or decision of this case.