An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-513

NORTH CAROLINA COURT OF APPEALS

Filed: 18 February 2014

IN THE MATTER OF THE FORECLOSURE
OF Tamara R. Cornish, Substitute
Trustee of a Deed of Trust          Gaston County
executed by R. Blake McLean, dated  No. 11 SP 1539
December 26, 2006 and recorded on
January 22, 2007 in Book No 4288,
at Page 2406 of the Gaston County
Public Registry.


Appeal by respondent from order entered 4 February 2013 by Judge Robert C. Ervin in Gaston County Superior Court. Heard in the Court of Appeals 22 October 2013.

*Geoffrey A. Planer for respondent-appellant.*

*The Law Offices of John T. Benjamin, Jr., P.A., by John T. Benjamin, Jr., and James R. White, for petitioner-appellee.*


BRYANT, Judge.


Where petitioner, at a foreclosure hearing before the trial court, produced the original mortgage loan note reflecting a blank indorsement and an affidavit stating that the lienholder was in possession of the Note, such was sufficient to establish the lienholder as the holder of the Note.

On 9 December 2011, David A. Simpson, P.C., as substitute trustee for petitioner The Bank of New York Mellon FKA The Bank of New York as Trustee for the benefit of the certificate holders of the CWABS Inc., asset-backed certificates, series 2007-2 (hereinafter Bank of New York Mellon), initiated a special proceeding to institute a foreclosure action against respondent R. Blake McLean. Per a letter sent to McLean on 9 November 2011, a debt secured by a Deed of Trust lien on property located at 134 Goins Farm Road in Bessemer City was past due and as a result the outstanding principal was due in full. "The creditor to whom the debt is owned is the [Bank of New York Mellon]." The letter gave further notice that foreclosure proceedings would be initiated against the property.

On 4 September 2012, the Bank of New York Mellon, as holder of the Note and the Deed of Trust creating the lien on the property, removed the trustee and appointed Tamara R. Cornish as substitute trustee.

Also on 4 September 2012, an affidavit was submitted to the Gaston County Clerk of Court providing copies of the Deed of Trust and the Note securing the mortgage loan, as well as a printout detailing respondent McLean's loan repayment history. The affidavit asserted that respondent McLean defaulted on the

Note by failing to make installment payments and that the noteholder declared the entire amount secured by the mortgage immediately due and payable. The affidavit asserted that the original holder of the Note and Deed of Trust, both executed by McLean, was Ocwen Loan Servicing, LLC, and that subsequent to the execution of the Note, Ocwen Loan Servicing "endorsed the note in blank." The affiant further asserted that the Bank of New York Mellon was in current possession of the Note determined to be indorsed in blank.

On 4 September 2012, the Gaston County Clerk of Superior Court filed an order finding that The Bank of New York Mellon was the holder of the Note and the Deed of Trust and that the Note evidenced a valid debt secured by the Deed of Trust. The Clerk of Court further found that the Note was in default and that the Deed of Trust empowered the noteholder to foreclose on the property by power of sale; that notice of the hearing had been served on the record owners of the property; that the pre-foreclosure notice was provided; and the noteholder attempted to communicate with respondent McLean in an attempt to resolve the matter voluntarily. The Clerk of Court determined that the foreclosure was not barred by General Statutes, section 45-

21.12A and authorized the substitute trustee to foreclose on the property.

Respondent McLean filed a notice of appeal to the Gaston County Superior Court requesting a de novo hearing on the foreclosure proceeding.

The matter came on for hearing during the 17 December 2012 Civil Session of Gaston County Superior Court, the Honorable Robert C. Ervin, Judge presiding. The parties advised the court that "the only issue for the Court's determination was whether there was evidence to establish . . . the [Bank of New York Mellon] as the holder of the note that was secured by the deed of trust."

In an order filed 4 February 2013, the trial court found the Note was produced by "the attorney for the lienholder in open court." The trial court also found that the Note's indorsement had been left blank and did not indicate to whom it was payable. Further, "[t]he debtor and property owner did not offer any evidence and did not present any material to challenge the validity of the [Note's indorsement]." The trial court concluded that the Note reflected a valid "blank indorsement." As such, the Note became payable to its bearer and could be negotiated by transfer of possession to the lienholder. "In

this instance, the production of the note is sufficient to prove the lender's status as the holder of the note." The court concluded that "the lienholder [was] the holder of the note and [was] consequently entitled to foreclose on the deed of trust." Respondent appeals.

_____

On appeal, respondent argues that the trial court erred in finding the Bank of New York Mellon to be the holder of the Note. We disagree.

> When an appellate court reviews the decision of a trial court sitting without a jury, findings of fact have the force and effect of a verdict by a jury and are conclusive on appeal if there is evidence to support them, even though the evidence might sustain a finding to the contrary. Conclusions of law drawn by the trial court from its findings of fact are reviewable de novo on appeal.

*In re Bass*, ___ N.C. ___, ___, 738 S.E.2d 173, 175 (2013) (regarding the transfer of a mortgage instrument).

Whether a party is the holder of the Note evidencing debt is a question of law controlled by the [Uniform Commercial Code], as adopted in Chapter 25 of the North Carolina General Statutes. *See id.* at ___, 738 S.E.2d at 175-76. "The holder of a[] [negotiable] instrument is defined in G.S. 25-1-201 . . . ." *Hotel Corp. v. Taylor and Fletcher v. Foremans, Inc.*, 301 N.C.

200, 203, 271 S.E.2d 54, 57 (1980) (an action to obtain a deficiency judgment for an amount owing on a promissory note). General Statutes, section 25-1-201 defines a "Holder" as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession[.]" N.C. Gen. Stat. § 25-1-201(b)(21)(a.) (2013). "If an indorsement is made by the holder of an instrument, whether payable to an identified person or payable to bearer, and the indorsement identifies a person to whom it makes the instrument payable, it is a 'special indorsement'." N.C. Gen. Stat. § 25-3-205(a) (2013). "If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a 'blank indorsement'. When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." N.C.G.S. § 25-3-205 (b). It is unchallenged that the Note which is the subject of this appeal contains a blank indorsement rendering the instrument payable to the bearer. *See id.*

Here, on 4 September 2012, an affidavit was filed with the Gaston County Clerk of Court to which was attached copies of the relevant Deed of Trust and the Note. The affiant made the following averment: "The holder of the Note is [the Bank of New

York Mellon]. The [Bank of New York Mellon] is in possession of the note which is endorsed in blank."

The record reflects that during the 17 December 2012 de novo hearing before Judge Ervin, a copy of the original Note along with a copy of the Deed of Trust was presented to the court while attached to the aforementioned affidavit. Furthermore, the original Note was presented by petitioner for inspection by the court and by respondent. In its 4 February 2013 order, the trial court found that "[t]he note itself was produced by the attorney for the lienholder in open court." Such is sufficient to establish that the Bank of New York Mellon is in possession of the Note and is thus, the holder of the Note. *See* N.C.G.S. ' 25-1-201(b)(21)(a.); *see also In re Bass*, ___ N.C. at ___, 738 S.E.2d at 175. Accordingly, respondent's argument is overruled.

Affirmed.

Judges McGEE and STROUD concur.

Report per Rule 30(e).